JACOB O. REDWINE, plaintiff in error, *vs.* THE GATE CITY LOAN AND BUILDING ASSOCIATION, defendant in error.

1. When a petition to the superior court in December, 1865, for the purpose of obtaining a charter, failed to set forth the objects of the corporation, it was competent for the court, in granting its assent, to specify the objects, and to set forth the terms on which the charter was granted.

2. There was no error in the judgment granting a new trial in this case. The contract was not usurious on its face, and there was nothing in the evidence to show that it was in fact the purpose of the parties to evade the usury laws.

Corporations. Charter. Practice in the Superior Court. Usury. New trial. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

One of the questions presented by the record in this case was whether the defendant in error was a corporation. It appeared that certain persons petitioned the inferior court of Fulton county to be incorporated under the name of the Gate City Loan and Building Association, with a capital of not exceeding five thousand shares, in shares of $1 00 each, to be paid by successive monthly installments of $1 00 each share, so long as the said corporation shall continue, with power to appoint all proper officers and fix their salaries, and to make such needful constitution, by-laws and regulations as they may desire, not repugnant to the laws of the state, etc. That at the December term, 1865, of said court, an order was passed granting the charter, setting forth in full the objects and terms thereof.

The facts upon which the second head-note was based were substantially the same as presented by the case of *Parker vs. Fulton Loan and Building Association*, 46 *Georgia*, 166.

Redwine *vs.* The Gate City Loan and Building Association.

The jury found for the defendant. The plaintiff moved for a new trial, because the verdict was contrary to the evidence and the charge of the court.

The court had instructed the jury that the papers introduced did not disclose an agreement which was illegal or usurious, and that their construction was for the court.

The motion was sustained, and defendant excepted.

P. L. MYNATT; COLLIER & COLLIER, for plaintiff in error.

N. J. HAMMOND, for defendant.

McCAY, Judge.

1. The petition for the charter, whilst it did not go into detail, did state, by the very name it asked to have, the substance of the business. But we think the petition and the order is to be taken together, and when both show what the intent is, it is sticking in the bark to say that it is the petition alone that is to be looked to.

2. We do not care to go over the argument and authorities made and referred to in the case of *Parker vs. Fulton Loan and Building Association*, 46 *Georgia*, 166. We see no reason to change that decision, but are rather confirmed in our views by new investigation. Nor is there anything here to alter the rule. True, there is some evidence that Mr. Redwine's sole object was to borrow money, and that Mr. Wallace knew this. But the whole case shows that Redwine was not an original contractor with the association. He bought out and took the shares of one of the original members, and Mr. Wallace, though he was an agent of the company, was, in this transaction, the agent of the buyer and seller of the stock, and not acting as the agent of the company. If the original stockholder's contract was not usurious, but made for the real purposes of the charter, then it was not made illegal by his selling out to Redwine.

Judgment affirmed.