Van Pelt *vs.* The Home Building and Loan Association.

| 79 | 439 |
|----|-----|
| 87 | 370 |
| 79 | 439 |
| 94 | 615 |
| 79 | 439 |
| 96 | 208 |
| 79 | 439 |
| 104 | 825 |

1. Where, to a suit brought by a loan and building association against one of its members to recover an amount alleged to be due by him upon a bond conditioned to pay certain premiums and interest, the defendant pleaded that the scheme by which he borrowed the money was a scheme to avoid the usury laws of this State, and that the contract was usurious, but no usury was specified further than a statement of amounts received and paid, the plea resting upon the allegation that the scheme of the association was a contrivance or device for the purpose of evading the usury laws:

*Held*, that such pleas were demurrable. The scheme of a building and loan association conducted in the ordinary way, is not unlawful.

2. Where the petition for a charter did not enter into details as to the purpose and objects of the corporation, yet where it did state, by the very name it was to have, the substance of the business to be conducted; and where, taking the petition and order together, they both show what the intention was, this is sufficient, and a plea alleging that the charter was void on the ground that the purposes and objects of the association were not set forth in the petition, was demurrable.

October 12, 1887.

Loan and Building Associations. Pleadings. Interest
and Usury. Corporations. Charters. Before Judge MAR-
SHALL J. CLARKE. Fulton Superior Court. March Term,
1887.

The plaintiff, a corporation, sued Van Pelt for $1,481.95,
alleging as follows: On August 24, 1883, being a member
of the association, in consideration of an advance made by
it to him on fifteen shares of its stock owned by him, he
executed his bond for $3,000, conditioned that he should
pay to the association, so long as it should exist, or as
might be required by its laws, $15 per month as the in-
stalment due on his stock, and $15 monthly as interest
on the advance; and also assigned to the association the
fifteen shares of the stock as collateral security. At the
same time, and as part of the same contract, to secure the
payment of the bond, he conveyed to the association cer-
tain described real estate, the deed reciting that it was its
purpose to convey the absolute title to the property and
to give the association the power to sell the same, accord-
ing to §1970 of the code, on failure of defendant to pay the
instalments and interest for three successive months,
thereby securing the repayment of the advance or such
sum as the association would be entitled to recover on the
bond, together with all expenses, costs, attorneys' fees and
commissions, etc. The bond, deed and a bill of particulars,
showing the amount claimed to be due, are attached to the
declaration. Defendant has refused to make the payments
required for more than three successive months, and the
plaintiff prays judgment.

The defendant pleaded that he borrowed from the asso-
ciation only $1,470 and not $3,000; that, from September
15, 1883, to March 15, 1885, he paid $285 as interest on
the loan, five per cent. of which payment was usury, and
which payment he pleads as a set-off; that besides this
sum, he paid $649.25 for instalments and fines due on
the shares of stock, which also is pleaded as a set-off; that

the issuing of the stock to him, and the requirement of the payment of the instalments and fines, and the interest of fifteen dollars per month on the loan, were a device to reserve and take the amounts paid as usurious interest, and all the money paid plaintiff, as above set forth, is usury on the loan; and that the deed and transfer of stock are void and should be cancelled. He also pleaded that the charter of the association was void, (1) because it does not specify the object of the corporation ; (2) because it does not show the amount of capital to be employed by it and actually paid in, it not being for the purpose of promoting the Christian religion, charity or education.

The charter of the association was granted in accordance with its petition, which prayed that certain named individuals be incorporated under the name of "The Home Building and Loan Association," to do business in Atlanta, Fulton county, for twenty years, with privilege of renewal, with the power of having a common seal, etc.; of contracting; of taking, holding and alienating real and personal property; of suing and being sued; of making a constitution and by-laws; and such other powers as might be necessary for the successful management of its business. Its capital stock was stated to be 5,000 shares of $200 each, payable in monthly instalments of $1 per share, so long as the association should continue.

The evidence showed, in brief, as follows: The constitution of the association required each member to pay, for each share of stock held by him, one dollar per month until the value of the whole stock be sufficient to divide to each share $200. For failure to meet payments when due, a fine of five cents per share was charged against the member so failing. All members were considered borrowers to the extent of their stock. At each regular meeting (held monthly), the available funds of the association were put up at certain rates of premium (in this instance 38 per cent), and the member bidding the highest price in

addition to that rate was entitled to take an advance from such funds of $200 for each share of stock held by him. From this was deducted the premium plus the amount bid, and the balance paid to the bidder, who secured the association by bond and mortgage or deed, at the same time assigning his stock as collateral security. He also paid, in addition to his dues for shares of stock, one dollar per month for each share for which he took the advance, which was at the rate of six per cent. per annum on the whole amount, including the premium. The defendant held fifteen shares of stock. He bid, in addition to the 38 per cent., a price sufficient to make the premium deducted 50¼ per cent., leaving $1,492 50 as the actual amount borrowed by him. He gave the required security, and for a time paid the interest and dues on his stock, but at length failed, for three months, to make any payment, whereupon, under a rule of the association, suit was brought for the amount claimed to be due.

The jury found for the plaintiff $535.35 principal, $156.26 interest, and $50.00 attorney's fees. The plaintiff moved for a new trial on the grounds that the verdict was contrary to law and evidence; because the court refused to strike the pleas of defendant; and because, there being neither evidence nor plea that the transaction was not a genuine building and loan contract, it was error for the court to charge as follows: " Under the laws of this State, one person cannot ask of another, for a loan of money by a written contract, a higher rate of interest than eight per cent. per annum. The law provides that any contract, contrivance or device to defeat this rule shall be of no avail."

A new trial was granted, and the defendant excepted.

John A. Wimpy, for plaintiff in error.

S. Barnett, Jr., for defendant.

BLANDFORD, Justice.

The Home Building and Loan Association brought an action against Van Pelt, to recover what they alleged was due them upon a certain bond given by Van Pelt to the association, conditioned that Van Pelt should pay certain premiums and certain interest. Van Pelt filed several pleas, in which he substantially alleged that the scheme by which he borrowed the money was a scheme to avoid the usury laws of this State; and he claimed in these pleas that the contract was usurious. The pleas were demurred to by the association. The court overruled the demurrer. He further pleaded that the charter of the association was void, in that the purposes and objects, etc., of the association were not set forth in the petition. A verdict was rendered in the case in favor of Van Pelt. A motion was made for a new trial, besides the general grounds, upon the ground that the court erred in overruling the demurrers to the pleas filed by Van Pelt in the case. Upon the hearing, the same was granted by the court; and to this grant of a new trial Van Pelt excepted, and error is assigned upon that exception.

1. The pleas filed in this case are very similar to the pleas filed in the case of *Parker vs. The Fulton Loan and Building Association.* 46 *Ga.* 166. No usury is specified or set forth in these pleas other than the amounts received and paid; but the scheme of the association is alleged to be a contrivance or device for the purpose of evading the usury laws. It was settled in the case cited that the scheme itself was not usurious; that if the transaction was to carry out the scheme and purposes for which the association was chartered, it was not unlawful, and we think that law controls this branch of the case.

2. The charter of this association was similar to the charter of the Gate City Loan and Building Association, and indeed to those of all other associations of like character; and

while the petition did not go into detail, it did state, by
the very name it was to have, the substance of the busi-
ness; and taking the petition and the order together (and
they are to be taken together), they both show what the
intent was; which shows that the charter was sufficient.
54 *Ga.* 474. It is now too well-settled in this State to
doubt, that an association of this character is legitimate.
Whatever might have been the opinion before these de-
cisions were rendered, we think the decisions settle that
question.

We think the court did right to grant the new trial
upon the grounds mentioned in the motion, and the judg-
ment is affirmed.