BOYNTON *v.* McDANIEL.

*Lumpkin, J.*—It is no defense to an action upon a promissory note that the maker, relying on certain representations made by another at the time of its execution, signed the note without reading it, and that it did not contain or express the contract as actually made, the note not having been signed under any emergency, there being nothing to prevent the maker from reading it, and no sufficient excuse for failing to do so being alleged. *Bostwick* v. *Duncan, Johnston & Co.,* 60 *Ga.* 383.

January 20, 1896.          *Judgment affirmed.*

Complaint on note. Before Judge Van Epps. City court of Atlanta. July term, 1895.

Exception was here taken to the ruling, that the defendant's plea did not constitute a good defence to the suit on the note signed by her. This plea set forth, that she was induced by Carter & Evans to agree to purchase certain realty known as the Montreal land, upon the distinct understanding that she was not to take and pay for the same unless they should first sell for her a city lot which she owned, which they agreed to do. Afterwards they represented to her that it was necessary to enter into a writing to satisfy the owners of the Montreal land that she would take it when her city lot was sold; assuring her that the writing they presented for her signature was to this effect. With this understanding, having implicit confidence in Carter & Evans, she signed without reading the paper presented to her, which afterwards turned out to be the note sued on, which was negotiated by Carter & Evans immediately after they procured it. They never sold her city lot as agreed.

*John A. Wimpy*, for plaintiff in error.
*Speairs & Smith*, contra.