REYNOLDS *et al. v.* GEORGIA STATE BUILDING AND LOAN ASSOCIATION.

1. One who borrows money from a building and loan association can not set up, in defense to an action for the recovery of the same, that the loan was made in disregard of a by-law prohibiting the making of loans to any persons other than those who have been members of the association for a stated period. Whatever may be the object of such a by-law, one who obtains a benefit from a violation of it is estopped from taking any advantage of the fact that such violation occurred.

2. The principle of mutuality which prevents loans by building and loan associations from being obnoxious to the usury laws is none the less applicable because a borrower from such an association applies for the loan and executes papers necessary to secure its payment before he is actually a member of the association, it appearing that, before obtaining the money, he did become such member, in pursuance of an intention to do so at the time of applying for the loan, and that this intention entered into and formed a part of the transaction which finally resulted in the loan.

Argued June 17, — Decided July 28, 1897.

Complaint. Before Judge Ross. City court of Macon. September term, 1896.

*Gustin, Guerry & Hall*, for plaintiffs in error.
*Dasher, Park & Gerdine*, contra.

FISH, J. This case was tried before the judge of the city court of Macon, without a jury; and he found for the plaintiff. Upon defendants' motion for a new trial being overruled, they excepted. The only point relied upon here is that the contract sued on was usurious.

The defendants below (plaintiffs in error here) contend that they never held any stock in, and therefore were never members of, the Georgia State Building & Loan Association, and, even if they had been members, that in making the loan to them the association had violated its by-law prohibiting loans to members who had not been such for as long as ninety days. Membership in building and loan associations is acquired in the same manner by which membership is acquired in other corporations—by becoming the holder of stock. There was evidence showing that the plaintiff association issued stock to the defendants, and that the defendants subsequently transferred such stock to the association to secure the loan. Furthermore, it appeared that the bond and deed which defendants gave to the association recited that defendants were stockholders thereof. Under this evidence, the judge, acting also as jury, was authorized to find that defendants were members of the association, even if they were not, under the circumstances, estopped from denying their membership. As to estoppel, see Civil Code, § 5150; *McCleskey* v. *Leadbetter*, 1 *Kelly*, 557; *Thrower* v. *Wood*, 53 *Ga.* 468; Enlich on Building Associations, § 60. The purpose of defendants in becoming members was immaterial. They might legitimately have become members for the mere purpose, and at the time, of obtaining the loan. Ottawa Association *v.* Freeman, 114 Ill. 182. From the evidence the facts seem to be, substantially, that defendants went to the association for the purpose of borrowing money; they were informed that no money could be loaned except to members and in accordance with the by-

laws; defendants agreed to take stock provided they could secure an advance; the privilege was given them of sending in their application for a loan, abstract of title to the property they proposed to convey as security, and their deed and bond, in order that the association might examine them and determine whether they were satisfactory; the application, deed and bond were executed and accepted upon condition that they were not to take effect unless and until defendants should subscribe for stock and an advance should be made to them of the maturity value of the stock. The association, having approved the application, abstract, bond and deed, issued certificate of stock to the defendants and made them the loan; and the defendants, in pursuance of the original purpose and undertaking, afterwards transferred their stock to the association. Now, it was evidently to the advantage of the defendants to get the loan as quickly as possible; and the violation of the by-law requiring the stock to be issued ninety days before it was advanced upon, by making the loan to defendants when the certificate of stock was issued, was for the benefit of the defendants. Therefore, they are estopped from taking any advantage of the fact that such violation occurred. Civil Code, § 5150.

2. The contract in this case is, upon its face, a building and loan contract. It seems to be identical with those passed on in the case of *Hawkins* v. *Americus Building and Loan Association*, 96 *Ga.* 206, and in *Goodrich* v. *Atlanta Nat. B. & L. Association*, 96 *Ga.* 803, both of which were upheld against pleas of usury. The principle of mutuality, which prevents loans made by building and loan associations from being obnoxious to the usury laws, was none the less applicable because defendants, who borrowed the money from the plaintiff association, made application for the loan and executed the bond and deed to secure its payment before they actually became members of the association; it appearing, as above stated, that before obtaining the money they did become members, by having the association to issue certificate for fifty shares of stock to them, in pursuance of an intention to do so at the time of applying for the loan, and executing their bond and deed, and

such intention entering into and forming a part of the trans-
action which finally resulted in the loan.   The contract which
was actually made was a building and loan contract, and not
a contract simply for the loan of money.

   *Let the judgment of the court below be affirmed.   All the Jus-
tices concurring.*