HOLLIS *v.* COVENANT BLG. & LOAN ASSOCIATION.

1. Where a lender is a resident of one State and the borrower is a resident of another, and the evidence of debt and the deed given to secure the payment of the same, as well as all other papers connected with the transaction, are executed in the State of the borrower's residence and there is nothing in the papers to indicate that it was the intention of the parties that the contract should be controlled by the law of the State of the lender's residence, the contract as to its validity, form, and effect will be controlled by the law of the State where the contract was executed.

2. In the trial of an action for the recovery of real property, it was error to strike a plea filed by the defendant, in which it was alleged that the deed upon which the plaintiff relied was given to secure a debt which was a part of a usurious contract. In such a case usury need not be pleaded with the same particularity as in a suit to recover it back, or in a plea attempting to set it off against the plaintiff's demand.

3. If in the trial of such a case it should appear that the contract of which the deed was part was one made with a building and loan association pure and simple and that the apparent usury was simply the result of the plan and scope of such association, the plea of usury would not be available to the defendant.

Argued February 4, — Decided May 25, 1898.

Complaint for land. Before Judge Felton. Bibb superior court. April term, 1897.

The Covenant Building & Loan Association of Knoxville, Tenn., sued Jere Hollis for 50 acres of land in Bibb county, attaching as its abstract of title a deed from Jere Hollis, trustee, to the association, dated April 24, 1893, conveying the property in dispute, to secure a loan of $2,500; and a bond, of the same date, for the payment by Hollis to the association, so long as it shall continue to exist or as may be provided in its by-laws, rules and regulations, the sum of $15 monthly as instalments due on 25 shares of stock in the association, on which stock the loan was procured, and the further sum of $25 monthly as interest and premiums on said loan or advance, and for the keeping of the building on the property insured for the benefit of the association, and the payment of all taxes and assessments against the same, and compliance with all the requirements of said by-laws, rules and regulations; and a written transfer from Hollis to the association of the 25 shares of stock for the consideration of $5 and the consideration mentioned in the forego-

ing bond; with agreement, however, to pay the interest and instalments on the stock according to the terms of the bond.

The defendant filed special pleas which were stricken on demurrer, and this ruling is assigned as error.   These pleas are as follows: (4) For further plea defendant says, that the Covenant Building & Loan Association of Knoxville, Tenn., is not a building and loan association as contemplated by the laws of the State of Georgia, but that the said Covenant Building & Loan Association of Knoxville, Tenn., does other business than that of savings and loan or investment business, on the building society plan, viz. loaning its fund to its members only. (5) The deed on which plaintiff seeks to recover the premises in dispute is a deed made to secure an usurious contract, in that defendant secured from plaintiff a loan of .$2,500, and under the terms of said contract he was obliged to pay and plaintiff to receive the said principal in monthly instalments of $15, thus continually reducing the principal; yet, by the terms of said contract, defendant was compelled to pay to plaintiff monthly interest at six per cent. per annum, besides a monthly premium of six per cent. per annum, which premium was in reality interest for the loan of said $2,500, but called a premium merely as a device to evade the law of the State against usury. Thus while defendant was compelled to repay said principal of $2,500 in monthly instalments, continually reducing the same, yet he was obliged to pay said six per cent. interest and six per cent. premium on the full amount; and at the last instalment would be paying the full premium and interest on $2,500 when he would have repaid, under said contract, all of said principal except $15.   Plaintiff, under this contract, was therefore charging defendant 12 per cent. interest compounded monthly on said principal, which defendant was not allowed to retain in its entirety for the period during which the interest was running.   (6) The contract referred to in paragraph 5 of this answer, which was secured by the deed which plaintiff claims, was by its terms and in effect a Tennessee contract, and, as to the laws of interest and usury, to be construed by the laws of that State.   (7) The laws of Tennessee provide that loans by building and loan associations shall be made in open meeting,

to the highest bidder, and fixed by competitive bidding, not by inelastic premium.    (8) Under the by-laws and contract of the plaintiff company, the premium on this loan was not fixed by competitive bidding nor in open meeting, but under the by-laws and charter of said association all premiums are fixed at a certain and definite amount not ascertained by bidding, but by the arbitrary will of the association acting under its by-laws and contract.    (9) For which reason defendant says that the contract secured by the deed under which plaintiff claims, and the deed itself, are infected with usury and void, and that the scheme of said Covenant Building & Loan Association is an usurious plan, made for the purpose of avoiding the laws prohibiting usury, and that therefore the said contract and the deed securing the same are utterly void.    The contract referred to in the foregoing fifth plea was dated the 24th day of April, 1893; it was to continue in force until the maturity of the stock nominally issued to plaintiff.    The interest provided for in said contract was 12 per cent. each year on the full sum of $2,500, being the sum of $300.    This sum was divided into twelve equal monthly instalments, each instalment being for the amount of $25.    Defendant was not in reality, nor ever has been, a stockholder in the said Covenant Building & Loan Association of Knoxville, Tenn.    Nominally stock was issued to him, but at the same time and immediately it was transferred back to the company, under an agreement that upon the maturity of the stock it was to belong to the company; in other words, that defendant should mature the stock, not as his stock, but solely for the benefit of the company, he having absolutely no interest in said stock and no motive for maturing it other than the obligation taken from him by said association.

The grounds of the demurrer were, that the defendant attempts to plead that the deed on which plaintiff relies for recovery is void for usury, but does not admit that he gave said deed; that the pleas do not set out the length of time which the loan made to defendant was to run nor when it commenced; that the pleas do not show the rate of interest which can be charged under the laws of Tennessee nor what law of that State defendant seeks to plead, nor does he set forth the contract so

that the court can determine whether it is a Tennessee contract; that the pleas are insufficient and do not plainly and distinctly set forth any good defense; and that defendant having admitted that the plaintiff was a building and loan association, of which he was a member, by giving the contract under which he procured its money, he can not now deny this fact without first paying back the money which he so received.

*Estes & Jones, Chambers & Jordan* and *Preston & Ayer*, for plaintiff in error.

*Hardeman, Davis & Turner* and *Hope Polhill*, contra.

COBB J.   1. The first question to be determined in the present case is, whether or not the contract between the plaintiff and the defendant is to be governed by the laws of Tennessee or those of Georgia.   All of the different transactions which make up the contract must be looked to in order to properly determine this question.   The plaintiff resides in Tennessee, and the defendant resides in Georgia; so residence can have no material bearing on the question.   There appears in the record a deed given to the plaintiff to secure the payment of the loan, a bond for the faithful performance of the contract, and a written transfer to the plaintiff of twenty-five shares of stock owned by the defendant in the plaintiff association.   These instruments were all executed on the same day in Bibb county, in this State.   The bond recites that the plaintiff and his wife procured the loan on the day on which it and the other instruments were executed.   There is nothing in the record to show where the loan was in fact made, or where the money was to be repaid, or what was the intention of the parties in this regard.   The circumstances above recited would afford a strong presumption that the contract was in fact consummated in this State.   The recital in the bond would seem to indicate that the money was paid here, and all the papers which appear in the record as constituting the contract between the parties appear on their face to have been executed here.   So far as the record is concerned, it is as reasonable to assume that the loan was to be repaid in Georgia to an agent of the plaintiff, as that it was to be sent to the office of the plaintiff in Tennessee.   Where a

person in one State borrows money from a person in another State, and the instrument given to secure the loan is executed in the borrower's State, and the money is to be repaid there, the contract will be governed by the laws of that State, notwithstanding the money may have been actually advanced in the State where the person making the loan resided. Story on Con. Laws, 392, § 287 (a); DeWolf *v.* Johnson, 10 Wheat. 367; Cope *v.* Allen, 53 Barb. 350; Hosford *v.* Nicholls, 1 Paige, 220; Klinck *v.* Price, 4 W. Va. 4; Cubbedge *v.* Napier, 62 Ala. 518. According to the authorities just above cited, the interest allowed by the laws of the place where the contract is made, in the absence of any special stipulation in the contract to the contrary, is presumed to be the interest agreed upon. See also *Martin* v. *Johnson*, 84 *Ga.* 481; *Odom* v. *Mortgage Security Co.*, 91 *Ga.* 505. If it should appear at the trial of this case, therefore, that the loan was in fact made and was to be repaid in the State of Tennessee, then the legal rate of interest allowed by the laws of that State would be looked to to determine whether or not the contract is usurious. But it being presumed from the record that the contract was executed in Georgia, was to be performed here, and hence is governed by the laws of this State, it was unnecessary for the defendant to allege in his pleas what rate of interest was allowed by the laws of Tennessee. The chief reason why the lex loci contractus governs is that the parties are supposed to have in mind the law of the country where the contract is made. It should be determined, therefore, from the nature of the transaction and the situation and objects of the parties what law they had in contemplation when the contract was executed. Van Shaick *v.* Edwards, 2 Johns. 335.

2. But it is contended that, even if the contract is to be governed by the laws of this State, the plea attempting to set up usury was properly stricken for the reason that usury was not pleaded with sufficient minuteness. In the case of *Carswell* v. *Hartridge*, 55 *Ga.* 412, it was held that "In pleading usury for the purpose of avoiding the deed, it is unnecessary to set it out with all the particularity required in pleas of usury to actions for money. In such actions amounts are material, but in at-

tacking a deed the bare fact of usury is enough to decide the issue of title." The defendant's plea, under the ruling made in the case above cited, alleged usury with sufficient particularity, and hence was improperly stricken.

3. The defendant alleges that the contract entered into between himself and the plaintiff was a scheme to evade the usury laws. Whether or not this would be true would depend upon whether the plaintiff association was formed for the purpose of lending money to its members; in other words, whether it was a building and loan association pure and simple, or whether it was a composite institution formed for various other purposes as well. If at the trial it should be made to appear to the jury that the contract was in fact made with a building and loan association pure and simple, and that the apparent usury was simply the result of the plan and scope of the association, then the plea of usury would not be available to the defendant. If, on the other hand, it should appear that it was a mere device to hide a real intent to exact usury, then the plea would be good, and the deed given to secure the payment of the loan would be void. *Parker* v. *Fulton Loan & Building Association*, 46 *Ga.* 166; *Butler* v. *Mutual Aid Co.*, 94 *Ga.* 562.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., disqualified.*