BURNS *v.* EQUITABLE BUILDING AND LOAN ASSOCIATION.

1. Under the decision of this court in the case of *Cook* v. *Equitable B..& L. Ass'n*, 104 *Ga.* 814, the contract sued on in this case was free from usury.

2. This being a valid contract entered into by the parties, illegal or unauthorized conduct on the part of the officers of the plaintiff corporation, in misapplying payments made by the defendant on his debt to the company, does not infect the contract with usury. Hence there was no error in sustaining the demurrer to the defendant's plea of usury.

Argued May 23, — Decided July 21, 1899.

Complaint. Before Judge Reid. City court of Atlanta. January 3, 1899.

*T. C. Battle* and *W. I. Heyward*, for plaintiff in error.
*J. Howell Green*, contra.

Lewis, J. The Equitable Building and Loan Association brought suit against James A. Burns, in the city court of Atlanta, making by its petition substantially the following case: Defendant, as member of the association, is the owner of ten loan shares of stock in the plaintiff company. On November 28, 1894, he received a loan from plaintiff of $1,000 on said shares, and to secure the payment of the same he hypothecated these shares with the association, and as further security

executed his bond to the association in the penal sum of $2,-000, a copy of which is attached to the petition and made a part thereof. The bond provides that Burns shall pay to the association monthly instalments of $1.20 on each of the ten loan shares, and interest at the rate of six per cent. on the $1,000 advanced, until the shares of loan stock mature, when the stock is to be canceled, the indebtedness paid, and the bond declared void. The bond further provides that in case of default in payment of any of the sums therein stipulated, for the space of six months, then the whole principal sum secured, together with all interest thereon, shall become due and payable at the option of the association. The petition further alleges, that the by-laws of the association provide that all members in arrears in their payments on stock shall pay a fine of ten cents per share on each share of stock so in arrears, for each month; and that Burns had failed and refused to pay the association the amounts due on said shares for several months past, and also interest on the sum loaned. As further security for the payment of the said advance of $1,000, Burns executed to the association his deed conveying a certain tract of land described in the petition. The association executed and delivered to him its certain bond conditioned to reconvey the land upon the performance of the stipulations contained in the bond. This is the substance of the first fourteen paragraphs of the petition. The fifteenth and sixteenth paragraphs are simply conclusions of the pleader, as to the amount due by the defendant, itemizing the same, and showing the sums due by the defendant in accordance with the foregoing allegations. The petition then concludes with a prayer for the recovery of said sums, and also that its special lien on the land described in the petition be set up and established. Attached to the petition as exhibits are the bond given by the defendant, the deed executed by him to the association, and an itemized statement of his account with the association. To this petition the defendant filed an answer, and therein admitted the allegations in the first fourteen paragraphs of plaintiff's petition, but denied the correctness of paragraphs 15 and 16, and the right of the plaintiff to a special lien on the land. He then specified

in his plea the requirements of the by-laws of the association with reference to lending money (which portions of his answer are in nowise in conflict with the allegations of plaintiff's petition), and contended that the mode of repaying the amount of money borrowed cost him, to pay for the use of $1,000, no less than eighteen per cent. per annum, and for that reason the deed contained usury and was void.

1. The contract sued on in this case is similar to that involved in the case of *Cook* v. *Equitable B. & L. Asso.*, 104 *Ga.* 814. There is nothing whatever in the plea negativing the idea that this corporation was purely and simply a building and loan association by virtue of its charter and by-laws, nor is there anything bringing the contract sued upon in this case, or the scheme, purpose, and intention of the parties in entering into the contract, outside of the ruling in this court in the case above cited. In fact the plea admits everything in the petition which upon its face shows that the contract relied upon for a recovery is free from the taint of usury. This court having repeatedly decided adversely to the contention of the plaintiff in error the question of usury as relating to such transactions of building and loan associations, and having especially adjudicated the question with reference to the terms of this particular contract between this same defendant in error and another of its members in the *Cook* case, supra, it would really be a useless consumption of time and space to enter further into a discussion of these principles.

2. Plaintiff in error further contends in his plea that by the by-laws of the association the monthly instalment of $1.20 per month should be applied to the loan fund; that only fifty cents of such amount so paid by him has been applied to this fund; that the company has appropriated the remaining seventy cents towards paying the interest on the coupon stock issued by said company; that this coupon stock draws interest at the rate of seven per cent. per annum, payable semi-annually, which interest, by the by-laws of the association, is made payable out of the earnings of the association; that this interest coupon stock does not in any way add to the fund of the association, in which he has no interest; and that therefore part of

the money paid in by him under his bond to the company does not go into the common fund of the association and is not applied so as to aid in the maturity of the stock upon which the advancement was made.  For this reason he contends that the transaction between him and the association is simply a case of loaning and borrowing money, that the deed given by him to secure the money borrowed is therefore void for usury, and that the lien prayed for should be denied.  This plea does not make any attack whatever upon the contract itself which is the subject-matter of this suit.  It is not claimed that there is anything in its terms or in the intention or scheme of the parties when it was entered into which taints it with usury, or, rather, which contravenes the scheme and purpose of this corporation under its charter and by-laws to carry on the business of a building and loan association pure and simple.  The attack, then, is not upon any intention by the corporation to charge usury when the contract was entered into, but upon a misapplication by the officers of the association of certain payments made on the contract by the borrower.  It is not an attack upon the contract itself, but upon its performance.  As is stated in the case of *Martin* v. *Johnson*, 84 *Ga.* 486, "The taint of usury does not result from payment, but from agreement performed or unperformed."  If there is misapplication by the officers of such an association of money paid it by its borrowing members on their debts, resulting in injury to them as stockholders, they have an adequate remedy in the courts to correct the evil ; but it does not follow from this that such misconduct by the directors or other officers of the association releases the member from his obligation to the company by virtue of the terms of his contract.  Such misconduct of officials does not prevent the organization from still existing as a building and loan association, and as long as it does so exist it has the right to recover for a liability arising on any contract made with its members in accordance with the plans and purposes of its organization.  Endlich on Building Associations (2d ed.), § 282, declares: "Equally unavailing, as a defense, is the previous or subsequent illegal conduct of the building association, or its officers, where a valid contract has been entered

into, or valid obligations have been incurred." See also, in the same work, § 310, and authorities there cited.

For the above reasons, we think there was manifestly no error in the judgment of the court below sustaining the demurrer to the plea in this case.

*Judgment affirmed. All the Justices concurring.*