## MORGAN v. INTERSTATE BUILDING AND LOAN ASSOCIATION.

1. A demurrer alleging that no proper exhibits are attached to a petition should itself show what exhibits are requisite.

2. An action by a building and loan association for damages resulting from the breach of a bond given to it by a member to whom it had made an advance upon his stock, with a prayer for the foreclosure of a mortgage which he had executed to secure the payment of such damages, was well brought. In such a case, this method of procedure was more appropriate than a rule to foreclose the mortgage.

3. When the corporate name of a plaintiff and the transaction which it sets forth as the basis of its action are such as to indicate that it is a building and loan association "pure and simple," and there is nothing in the petition suggesting the contrary, it should be regarded as an organization of this kind until, by way of defense, it is shown to be otherwise.

4. It will, in the absence of proof to the contrary, be presumed that such an association has complied with the requirements of the law as to depositing security and giving bond.

5. A transaction within the scope of the legitimate business of a building and loan association is not rendered usurious merely because a member who obtains an advance upon his stock actually pays for the use of the money more than the maximum legal rate of interest. The proper disposition to be made of such stock after it has been matured according to contract is to cancel the same.

6. A member of a building and loan association is bound by a resolution duly adopted "by the unanimous assent of the shareholders," and allegations in a petition against him to the effect that under the terms of such a resolution he was liable for the payment of a specified number of installments upon his stock, and that he had made "default" in paying a designated number of the same after they became "due," sufficiently aver that this stock had not been "matured."

Argued May 13, — Decided July 21, 1899.

Petition to foreclose mortgage, etc. Before Judge Smith. Dodge superior court. September term, 1898.

*DeLacy & Bishop,* for plaintiff in error.
*Walter M. Clements* and *William A. Wimbish, contra.*

LUMPKIN, P. J.   The Interstate Building and Loan Association advanced to Morgan, one of its members, a sum of money, taking from him a bond of the kind usual in such cases, and also, as security for the performance of its conditions, a mortgage upon realty and an assignment of his shares in the association. He having made default, the association filed a petition to recover damages for the breach of his bond and to foreclose the mortgage, to which petition Morgan demurred on several grounds.  His demurrer was overruled, and he excepted.  Without following the order of arrangement in which these grounds are set forth, we will briefly state and dispose of the same.

1. One ground of the demurrer was, that there were "no proper exhibits attached to the petition."   The reply is, that the demurrer was itself defective in not stating what exhibits should have been attached.

2. Another objection presented by the demurrer was, that the association had proceeded to foreclose its mortgage by petition and process, instead of by rule nisi.   We think the action was well brought.   The mortgage was not given to secure an ordinary·debt, the amount of which was definitely ascertained and which the court could order the defendant to pay into court.   On the contrary, the action was of a bifold character, having for its main purpose the ascertainment and recovery of the damages resulting from a breach of the defendant's bond, with an incidental prayer for the foreclosure of the mortgage given to secure the payment of such damages.   Besides, this action was of an equitable nature, and, under section 2770 of the Civil Code, any mortgagee may foreclose "in equity."

3. It was in the demurrer further urged that the petition did not show that the plaintiff was a building and loan association "pure and simple."   The plaintiff was in its petition described as a "building and loan association," and the transaction thereby disclosed was certainly one within the scope of the legitimate business of a corporation of that character.   There was nothing in the allegations of the petition negativing or even suggesting that the plaintiff was not a regularly chartered

and organized building and loan association. If in point of fact it was not, this was a matter for defense. See *Burns* v. *Equitable B. & L. Ass'n*, ante, 183.

4. In the next place, the demurrer raised the point that the petition failed to allege due compliance with the law requiring such institutions as the plaintiff to deposit a certain proportion of its securities with the State treasurer and execute a bond for the faithful performance of its duties. This was certainly also a matter for defense; for presumptively, as the corporation was permitted by the authorities of the State to carry on its business, they must have seen to it that the deposit had been made and the bond duly executed. But were it otherwise, it is to be gravely doubted whether the defendant, being a member of the association and its debtor, can raise any such question.

5. The demurrer presented the further objection that the transaction disclosed by the petition was on its face usurious. While, under the facts alleged, the defendant may have paid more than eight per cent. for the use of the money advanced to him, the scheme under which the plaintiff transacted its business was not, in view of the law applicable to associations of this character as heretofore construed by this court, violative of our usury statute. See, in this connection, *Hawkins* v. *Americus National B. & L. Ass'n*, 96 *Ga.* 206; *Goodrich* v. *Atlanta National B. & L. Ass'n*, Ibid. 803; *Burns* v. *Equitable B. & L. Ass'n*, supra. It was earnestly insisted that the contract between the plaintiff and the defendant was usurious, because the stock of the latter, when matured, was to be canceled and not returned to him. There is no force in this position. As is well known, the obligation assumed by a member of a building and loan association is to keep up his monthly payments until all the stock, including his own, has reached its par value. By becoming a borrower, he anticipates that result and immediately receives in advance the full face value of his stock, less a premium which he agrees to pay in consideration of the privilege thus accorded him of realizing upon his stock before its maturity. And it necessarily follows that, having once received payment therefor and having surrendered the same to the association, it can not be again called on to settle with him

as a stockholder for the shares of stock so advanced upon. Endlich on Building Ass'ns (2d ed.), § 331.

6. Lastly the demurrer alleged that the plaintiff's petition was defective in that it was not therein distinctly stated that the shares of stock upon which the defendant received an advance "have not matured and reached their par value, or that there is or was any by-law fixing a time within which they should mature," the petition disclosing that the obligation assumed by the defendant was simply to mature his stock, and it being, therefore, "incumbent upon the plaintiff to make it affirmatively appear that said shares have not matured, before any action could be brought, or had not matured when defendant ceased to make payments." There is no merit in this ground of the demurrer. After setting forth the terms of the contract whereby the defendant obligated himself to duly mature the shares of stock advanced upon, the petition alleges: "That heretofore, to wit, on the 3d Wednesday in April, 1897, the said William A. Morgan made default in the payment of the installment then due and payable upon said shares of stock," as well as in the payment of the "interest due and payable upon said advance, and has made like default in the payment of the several installments upon said stock and of interest upon said advance due and payable for each and every month thereafter, and for eight consecutive months," in violation of the bond executed by him to secure the faithful performance on his part of the contract entered into by him with the association. A resolution alleged to have been adopted by the unanimous assent of the shareholders in July, 1897, authorizing "borrowers to repay the amount of their advance by paying ninety-eight monthly installments," is also in the petition duly set forth, and in this connection it is alleged that "Morgan has paid 90 installments of dues and interest on said advance, leaving due 8 installments of dues and interest." This resolution was binding upon Morgan, and this action was brought to recover damages accruing from his default in not meeting the eight installments due thereunder. The allegations above recited completely negative any inference that, by paying 90 installments, Morgan duly complied with his obli-

gation to make monthly payments until each share of his stock in the association reached its par value of $100; and the averment that he made "default" in the payment of eight installments which were "due," and thus violated the terms of his contract with the association to mature his stock in accordance with its by-laws, necessarily means that the stock had not been duly matured.

*Judgment affirmed. All the Justices concurring, except Little, J., who was disqualified.*