## GIBSON v. INTERSTATE BUILDING AND LOAN ASSOCIATION.

Where a building and loan association brought an action to recover an amount alleged to be due it, by one alleged to be a member of such association, for money loaned or advanced to him and for dues and fines, and prayed that the judgment which it might obtain should be declared to be a special lien upon certain land conveyed by the defendant to it as security for the debt, and the defendant filed an answer denying all the allegations of the petition, and also special pleas setting up usury and want of consideration in various items of the plaintiff's claim, it was erroneous to sustain a general demurrer to such special pleas.

Argued November 1, — Decided December 9, 1899.

Complaint.   Before Judge Butt.   Muscogee superior court. May term, 1899.

*Cameron & Hargett*, for plaintiff in error.
*W. A. Wimbish*, contra.

FISH, J.   The Interstate Building and Loan Association sued Gibson, alleging that he was indebted to it in the sum of $908.60, besides future interest and installments of dues upon certain shares of stock in said association.   The petition alleged that Gibson, being a member of the building and loan association and the holder of twenty-two shares of its installment

stock, procured from the association, in anticipation of the ultimate value of the said twenty-two shares of stock and in liquidation thereof, an advance of $1,100.00, and executed and delivered to the plaintiff his bond in the sum of $2,200.00, whereby, in consideration of the said advance, he agreed, in accordance with the by-laws of the association, which by express stipulation were, in so far as applicable, made a part of the contract, to pay the association, on the first Wednesday in each month, the sum of $13.20 as a monthly installment on said shares of stock, and the further sum of $5.50 as a monthly payment of interest on said advance, such payments to continue until such a time as each of the shares so advanced upon should mature. It was alleged that in the bond it was further stipulated that should default be made in the payment of the monthly installments on the stock, or of the monthly installments of interest on the advance, for the period of six consecutive months, the full amount of said advance, with all interest thereon, and all fines imposed under the by-laws, should become immediately due and payable, and the association should have the right to proceed to collect the same and enforce the conveyance given to secure the same, and finally cancel the shares of stock advanced upon; and that in said bond the shares of stock advanced upon and redeemed were transferred to the association to be held by it until the shares of stock should mature, or until the advance should be repaid, when the same should be finally cancelled, but as to the rights of Gibson the same should be considered as cancelled and redeemed from the date of the advance. The petition further alleged that, as security for the performance on his part of the stipulations and obligations contained in the bond, Gibson executed and delivered to the plaintiff a deed to certain described real estate. Default by Gibson in the payment of the installments due upon the shares of stock and installments of interest due, for and during the nine months next preceding the institution of the suit, was alleged. There were other allegations in the petition, which we do not deem it necessary to state. We have simply stated so much of the substance of the petition as is material to the question to be decided. Attached to the pe-

tition as an exhibit was a statement of an account, showing various items of charges and credits and the balance claimed to be due. No written contract was set forth in the petition, nor was the bond which was referred to therein, nor any of the by-laws of the association; nor were any of these things set forth by exhibits attached to the petition and referred to therein. The petition prayed for a judgment for the amount sued for, and that the judgment be declared to be a special lien upon the land conveyed to the association as security.

It appears from the record that the defendant filed what the judge below calls a "plea of general denial." We presume this was a plea denying all the allegations contained in the various paragraphs of the petition. In addition thereto, the defendant filed certain amended pleas, in which he alleged that he had paid to the plaintiff $22.00, "ostensibly as admission fees into said so-called association," which payment was made without consideration, and "was but a trick or device on the part of plaintiff to cover an illegal rate of interest, greater than the legal rate"; that he paid to the plaintiff $28.60 as fines, which payment was without consideration, and "was a trick or device on the part of plaintiff" to cover usury in the transaction. He asked that these sums should be allowed as credits against his indebtedness to the plaintiff. He further pleaded that he borrowed from the plaintiff $1,100.00 and no more, that he had paid on said sum the sum of $910.80, that the rate of interest agreed upon was six per cent. per annum, and after deducting the sum which he had paid he would be due the plaintiff, at the time of filing the suit, the sum of $299.33 and no more, and that $609.27 of the sum claimed by the plaintiff was usury. In another amended plea the defendant alleged that he borrowed from the plaintiff $1,100.00 and no more, and had paid on this indebtedness the sum of $910.80, and that the excess charged by the plaintiff against him, over and above the sum so borrowed, with lawful interest thereon, "is without consideration, and therefore null and void." The plaintiff demurred orally to these amended pleas, and the court sustained the demurrer. After this ruling of the court, the defendant withdrew his plea of general denial. The bill of exceptions

alleges that the court erred in sustaining the demurrer to the defendant's amended pleas.

In our opinion, it was clearly erroneous for the court to sustain the demurrer. The demurrer necessarily admitted the allegations in these amended pleas to be true. Admitting these allegations to be true, the plaintiff could not recover of the defendant the full amount sued for, nor could the plaintiff obtain a special lien upon the land conveyed to it as security for the indebtedness, for a deed infected with usury is void. In passing upon the demurrer, it mattered not what the allegations of the plaintiff's petition were, for these allegations were neither expressly nor impliedly admitted by the defendant, but, on the contrary, he generally denied them all, and in so far as these allegations could be construed as tending to show that there was no usury in the claim of the plaintiff, they were expressly denied by the pleas which were demurred to. The answer to the defendant's pleas should be evidence, not a demurrer.

Whether, upon the question of usury or no usury, the case, in all its aspects, was controlled by the principle which generally governs transactions between a building and loan association and one of its members, could only be ascertained by resorting to evidence.

*Judgment reversed. All the Justices concurring.*