ANGIER *v.* EQUITABLE BUILDING AND LOAN ASSO.

1. Allegations in a petition relating to a written instrument executed by a defendant, or to his own actings and doings, are not, without some explanation of his alleged ignorance concerning the same, properly met by a general averment that for want of sufficient information he is unable either to admit or deny the paragraphs of the petition in which such allegations are set forth.
2. A mere written proposal to pay money, with no offer of the cash, is not a tender.
3. That the maker of a plain and unambiguous written contract with a corporation was induced to execute the same by false and fraudulent representations as to its methods of doing business, and as to the probable results of the transaction evidenced by such contract, is not a valid defense to an action thereon, when there is nothing to show that the maker was misled or deceived as to its contents or in any manner prevented from ascertaining the same.
4. Allegations in an answer setting up alleged rights under the by-laws of a corporation are incomplete, unless enough of such by-laws, either literally or in substance, be set out to enable the court to determine to what the defendant is entitled thereunder.
5. The questions in the present case not dealt with in the preceding notes were settled by the decision of this court in the case of *Cook* against the defendant in error, 104 *Ga.* 814.

Argued December 6, 1899. — Decided January 29, 1900.

Complaint. Before Judge Reid. City court of Atlanta. January 31, 1899.

*A. R. Bryan* and *Robert Zahner*, for plaintiff in error.
*J. Howell Green*, contra.

LUMPKIN, P. J. The Equitable Building and Loan Association brought in proper form against Edgar A. Angier, one of its members, upon whose stock an advance had been made, an action for alleged breaches of a bond which he had executed and delivered to the plaintiff and which was of the character usually required in such cases. He filed a voluminous answer, which was stricken on demurrer, and of this he complains in his bill of exceptions. We will briefly state and dispose of the questions thus presented for our determination.

1. The petition alleged that Angier was a member of the association; that, as such member, he owned eight shares of stock of a specified class, evidenced by a certificate; that he

procured an advance of $800 upon this stock; that, to secure the repayment of the advance, he hypothecated his eight shares of stock to the association; and that, as further security, he executed and delivered the bond sued on. The substance of the bond was set forth in the petition, and a copy of the same was attached as an exhibit. The 10th paragraph of the petition was as follows: "That the by-laws of said association provide that all members in arrears in payments on their stock shall pay to said association a fine of ten cents per share on each share of stock so in arrears, for each month of such arrears." The defendant in his answer averred that he could not, for want of sufficient information, either admit or deny the foregoing allegations, save only as to the fact that he received the advance of $800, which was admitted. Certainly, this much of the answer was without merit. As the allegations in question related to a written instrument executed by himself and to matters of which he must, in the nature of things, have had personal knowledge, and as his answer set forth no explanation of his professed ignorance, the ruling of this court in *Smith* v. *Champion*, 102 *Ga.* 92, is applicable and controlling here. As will appear below, the defendant in portions of his answer undertook to state what the by-laws of the association contained with reference to certain matters, and it is therefore difficult to perceive how he could have been lacking in information as to the truth or falsity of the statements made in the 10th paragraph of the petition. And it is proper to add that, taking the answer as a whole, we do not understand how the defendant could have failed to know all about the several matters above mentioned.

2. It was alleged in the answer that the defendant had made a calculation from which it appeared that he owed the plaintiff a specified amount, and that he addressed to the plaintiff a letter setting forth his calculation and containing the following: "I only owe you a balance of $331.46, which I herewith tender you, and you may consider it a continuing tender." The trial judge held that this was not a good plea of tender, and we agree with him. The answer did not allege that any money accompanied the letter, or that the word "herewith" really meant to

signify that the cash was enclosed. There was nothing more than a bare offer or proposition to pay. Nothing was in fact tendered. "A proposition to pay and a tender are by no means the same thing. The former may exist without any element of the latter." McCay, J., in *Sharpe* v. *Kennedy*, 51 *Ga.* 263.

3. In the bond declared upon the contract between the parties is plainly and unambiguously set forth. The defendant in several paragraphs of his answer sought to avoid the contract by alleging that, "to the best of his recollection and belief," the plaintiff (probably meaning some agent of the plaintiff) made to him false representations (which are set forth in detail) as to how the association was operated, what payments he would have to make, what credits he would receive, how his transaction with the plaintiff would result, etc., etc.; that these representations were fraudulent; that they were made for the purpose of deceiving the defendant, and did deceive and mislead him into making the contract. Such allegations of fraud are too loose and general, and, moreover, they do not even suggest a reason why the defendant might not have fully informed himself of the exact nature of the bond he was asked to sign. Had he done so, he would have been sufficiently informed of what he undertook and promised to do when he executed it. There was no averment of misrepresentation as to the character of the bond or of any fraud whereby the defendant was prevented from ascertaining its contents before signing the same. If he was in fact defrauded, it was simply because he did not take reasonable precautions to ascertain what he was doing. *Jossey* v. *Railway Co.*, ante, 439.

4. Another defense which the defendant sought to set up was, that under the by-laws of the association he was entitled to specified credits. In a special ground of the demurrer the point was made that the answer should set forth the portion or portions of the by-laws relied on to support this defense. The trial judge rightly held that this point was good. Certainly, it was incumbent on the defendant to set forth, either literally or in substance, enough of the alleged by-laws to enable the court to determine what were his rights thereunder. It seems that the by-laws were accessible to him; but, though the judge allowed

him additional time to cure the defectiveness of his answer in the respect here pointed out, he did not offer to amend.

5. In numerous paragraphs of the answer the defendant alleged that the plaintiff was not a building and loan association pure and simple, but a complex corporation having under its charter divers rights, powers, and franchises (the particulars as to which were set forth), which took it out of the class of institutions whose contracts exacting more than eight per cent. for the use of money were protected under the laws peculiar to building and loan associations proper. In this connection the defense of usury was set up. There was not, however, in the entire answer any distinct and unequivocal averment that the plaintiff was engaged in any business inconsistent with that of a building and loan association whose contracts, under the doctrine of mutuality, are saved from the taint of usury. There are some allegations which seem to mean that the plaintiff had in its operations gone beyond the scope of such an association, but on close inspection we find that the fact that it has actually done so is not alleged. On this branch of the case, therefore, it is controlled by the decision of this court in *Cook* v. *Equitable Building & Loan Assn.*, 104 *Ga.* 814. And see *Burns* v. *Same*, 108 *Ga.* 181.

There are some other questions in this case, but none of them are new. Indeed, they have been heretofore made and ruled upon in other cases decided by this court. It would not be profitable to restate and again discuss them. The answer, taken all together, set up no lawful ground of defense to the plaintiff's action, and the demurrer was properly sustained.

*Judgment affirmed. All the Justices concurring.*