SMITH *v.* SOUTHERN· BLDG. & LOAN ASSN., and *vice versa.*

LUMPKIN, P. J.    1. The corporate name of the plaintiff below indicating that it was a building and loan association "pure and simple," and there being nothing either in the allegations of its petition or in the evidence tending to show that it had ever engaged in transactions outside of the scope of the legitimate business of such a corporation, the trial court properly treated it as an organization of that kind.    *Morgan* v. *Interstate Bldg. & Loan Assn.*, 108 *Ga.* 185.

2. Even if any of its by-laws purported to authorize such transactions, this did not "destroy the building and loan character of the association," it not appearing that there was any attempt to operate under such by-laws. *Cook* v. *Equitable Bldg. & Loan Assn.*, 104 *Ga.* 814.

3. That the officers of the association unlawfully and without authority issued to themselves "paid-up" stock without paying for the same did not prevent the corporation from " still existing as a building and loan association," with all its rights as such; nor did it appear that issuing this stock injured the defendant, the evidence showing that it was subsequently canceled and it not being shown that any interest or dividend was ever paid thereon.    Mere misconduct of the officers in managing the affairs of the association could not change its character or release a member from a contract obligation.    *Burns* v. *Equitable Bldg. & Loan Assn.*, ·108 *Ga.* 181.

4. As the contract between the defendant and the plaintiff was plain and unambiguous and was embraced in writings which set forth the entire agreement, it was no defense to the action against him that he entered into the contract by reason of false statements appearing in circulars issued by the association and exhibited to him by an agent thereof, who, for the purpose of inducing the defendant to become a member of the association, represented that these statements were true; there being in the instruments signed by the defendant no reference to these circulars and nothing to show any intention or design to make their contents a part of the contract.    A similar defense against a similar action was passed upon and held not to be good in *Angier* v. *Equitable Bldg. & Loan Assn.*, 1C9 *Ga.* 625.    See also *Mutual Benefit Ins. Co.* v. *Ruse*, 8 *Ga.* 534.

5. Every material question involved in the present case has, in one form or another, been heretofore dealt with by this court.    No new field of inquiry or discussion is now presented.    There was no error in directing the verdict in favor of the association.

*Judgment on main bill of exceptions affirmed; cross-bill of exceptions dismissed.*
*All the Justices concurring.*

Argued March 7,—Decided April 6, 1900.

Complaint.    Before  Judge  Felton.    Bibb superior  court.
April-term, 1899.

*Hardeman, Davis & Turner*, for Smith.
*Estes & Jones*, contra.