## NATIONAL BUILDING ASSOCIATION *v.* QUINN.

LAMAR, J.  1. The contract declared on was clearly usurious, unless made by a building and loan association as part of a scheme authorized by its charter.

2. The averments of the petition and plea put in issue the validity of the contract, and the bona fide character of the plaintiff as a building and loan association. This burden was not carried by introducing a certificate of incorporation in a foreign State, unaccompanied by the general statute designating its powers.

3. This being so, the plaintiff failed to show that it was in fact a building and loan association, and that the scheme was one authorized by its charter.

4. The absence of the charter makes it impossible to determine whether the scheme was authorized by the statute of incorporation; or whether the exaction of payment until stock was worth $4,500 was a device to secure usury on a loan of $1,800; the corporation at the time of the loan appearing to have been in a failing condition, and there being no proof that this fact was brought to the attention of the borrower.

5. If the requirement to mature $4,500 stock in order to secure a loan of $1,800 was usurious in its inception, the usury could not be purged therefrom by the passage of a subsequent by-law reducing the payment from $100 to $60 on a share.

6. The suit was not upon an unconditional contract in writing, and the burden was upon the plaintiff of establishing the amount of its damage for the breach of its bond. *Dart* v. *Asso.*, 99 *Ga.* 794.

7. Treating the evidence excluded as admitted and that admitted over the plaintiff's objection as excluded, the judgment is not shown to have been erroneous.

8. The terms of the law under which the plaintiff was chartered not being in the record, and it having failed to show the amount of damages arising from the breach of the bond, a judgment based on the admissions of the defendant's plea was not error of which the plaintiff can complain.

<i>Judgment affirmed. All the Justices concur.</i>

Submitted October 26, — Decided November 12, 1904.

Complaint. Before Judge Toombs. City court of Washington. August 19, 1904.

*W. A. Slaton*, for plaintiff.

*F. H. Colley* and *S. H. Hardeman*, for defendant.