*Ralph H. Pharr, Charles B. Shelton, W. S. Northcutt,* and *E. Harold Sheats,* for defendant.

SWOFFORD *v.* FIRST NATIONAL BUILDING AND LOAN ASSOCIATION.

No. 11652. APRIL 15, 1937.

*N. T. Anderson Jr.,* and *Victor K. Meador,* for plaintiff.

*Crenshaw, Hansell & Gunby* and *Warren Cox,* for defendant.

BELL, Justice. S. H. Swofford instituted a suit to enjoin the First National Building & Loan Association from exercising a power of sale contained in a security deed made to it by the plaintiff, and for cancellation of the deed and note and of a membership stock certificate and transfer which constituted a part of the loan transaction. The plaintiff alleged, among other things, that he did not agree to become a member of the association; that he

executed the security deed and notes without reading them, trusting the defendant and its officers to make effective its agreement to lend him a stated sum of money at an interest rate of five per cent. per annum; that he did not know until recently that the papers signed by him purported to show that he had become a member of the association; that the papers to which the defendant thus obtained his signature constituted a device of the defendant to evade the usury laws of this State "by charging a greater amount for the use of the defendant's money" than is permissible under the law except when the borrower is actually and in truth a member of a building and loan association engaged in lending money; that if all payments made by the plaintiff are duly applied to principal, and interest is forfeited as it should be, the debt is not in default, and there should be no exercise of the power of sale; and that the plaintiff had tendered a sum sufficient to pay the entire balance of principal, and such tender had been refused. The plaintiff attached to his petition as exhibits a copy of the security deed and the note or bond for the indebtedness, by the express terms of which, if valid, the plaintiff became a member and stockholder of the defendant association. This is not a statement of every detail of the petition, but it is a sufficient resumé of the material allegations. The court sustained a general demurrer to the petition, and the plaintiff excepted.

If the defendant association "was a building and loan association pure and simple, and the particular transaction under investigation was one thoroughly in accord with the scope and object of such an association, there would be no usury in the transaction." *White* v. *Interstate Building & Loan Asso.*, 106 *Ga.* 146 (32 S. E. 26); Code, § 16-101. The defendant's name prima facie imports that it is a building and loan association; and there being no allegation to the contrary, it is to be treated, on demurrer, as an organization of that kind. *Smith* v. *Southern Building & Loan Asso.*, 111 *Ga.* 811 (35 S. E. 707); *Rooney* v. *Southern Building & Loan Asso.*, 119 *Ga.* 941 (4) (47 S. E. 345). As to "like associations," see *Atlanta Loan & Saving Co.* v. *Norton*, 149 *Ga.* 805 (102 S. E. 536); *Gore* v. *Industrial Loan & Savings Co.*, 52 *Ga. App.* 401 (183 S. E. 499).

"One having the capacity and opportunity to read a written contract, and who signs it, not under any emergency, and whose

signature is not obtained by any trick or artifice of the other party, can not afterwards set up fraud in the procurement of his signature to the instrument." *Truitt-Silvey Hat Co.* v. *Callaway,* 130 *Ga.* 637 (2) (61 S. E. 481). "That the maker of a plain and unambiguous written contract with a corporation was induced to execute the same by false and fraudulent representations as to its methods of doing business, and as to the probable results of the transactions evidenced by such contract, is not a valid defense to an action thereon, when there is nothing to show that the maker was misled or deceived as to its contents or in any manner prevented from ascertaining the same." *Angier* v. *Equitable Building & Loan Asso.,* 109 *Ga.* 625 (3) (35 S. E. 64); that being, like the present, a building and loan association case. See, to the same effect, *Smith* v. *Southern Building & Loan Asso.,* 111 *Ga.* 811 (4) (35 S. E. 707). Cf. *Boynton* v. *McDaniel,* 97 *Ga.* 400 (23 S. E. 824); *Williamson* v. *Read Phosphate Co.,* 40 *Ga. App.* 219 (2) (149 S. E. 175); *Lee.* v. *Loveland,* 43 *Ga. App.* 5 (157 S. E. 707). Accordingly, under the allegations in the instant case, the plaintiff will not be heard to say that he did not become a member of the association as indicated by the clear and unambiguous language of the written instruments executed by him.

The allegations that the particular contract constituted a device of the defendant to evade the usury laws, and that the defendant actually charged a specified rate of interest greater than is permissible under the law except when the borrower is a member of a building and loan association, were insufficient to show usury, where, under a proper construction of the other averments, it appears that the defendant is a legitimate building and loan association, and that, in view of the writings voluntarily executed by him, the plaintiff is estopped to deny membership in such association. The present case is distinguished by its facts from *National Building Asso.* v. *Quin,* 120 *Ga.* 358 (47 S. E. 962), where it was denied that the creditor was a legitimate building and loan association. See generally, on the subjects of building and loan associations and usury, *Parker* v. *Fulton Loan & Building Asso.,* 46 *Ga.* 166; *Van Pelt* v. *Home Building & Loan Asso.,* 79 *Ga.* 439 (4 S. E. 501); *Butler* v. *Mutual Aid Loan &c. Co.,* 94 *Ga.* 562 (2), 568 (20 S. E. 101); *Hawkins* v. *Americus National*

*Building & Loan Asso., 96 Ga. 206, 208 (22 S. E. 711); Goodrich* v. *Atlanta National Building & Loan Asso., 96 Ga. 803 (2) (22 S. E. 585); Reynolds* v. *Georgia State Building & Loan Asso., 102 Ga. 126 (2) (29 S. E. 187); Hollis* v. *Covenant Building & Loan Asso., 104 Ga. 318 (3) (31 S. E. 215); Cook* v. *Equitable Building & Loan Asso., 104 Ga. 814 (8) (30 S. E. 911); Burns* v. *Equitable Building & Loan Asso., 108 Ga. 181 (33 S. E. 856); Morgan* v. *Interstate Building & Loan Asso., 108 Ga. 185 (33 S. E. 964); Gibson* v. *Interstate Building & Loan Asso., 109 Ga. 460 (34 S. E. 563); National Building Asso.* v. *Quin, 120 Ga. 358 (47 S. E. .962); National Building Asso.* v. *Quin, 121 Ga. 307 (49 S. E. 312).* Under the foregoing principles, the petition did not state a cause of action, and the general demurrer thereto was properly sustained.

*Judgment affirmed. All the Justices concur.*