## TRAYNHAM & RAY vs. BROWN.

A bill was filed against two defendants, one a resident and the other a non-resident. Service was perfected on the non-resident by publication, and personally on the resident. On demurrer by the latter, the bill was dismissed and complainants excepted. Service of the bill of exceptions was acknowledged by attorneys representing the resident defendant, and an entry was made by the sheriff that the other defendant could not be found, lived out of the state, and had no attorney on whom to make service:

*Held*, that, in order to give the Supreme Court jurisdiction, the bill of exceptions must be served in some one of the ways pointed out by the statute. No provision is made for an entry of *non est inventus;* and, on motion, the case will be dismissed

Writ of error dismissed.

January 13, 1885.

## HARRIS vs. HARROLD, JOHNSON & COMPANY.

Where an attorney, representing a plaintiff in error, is not present to represent his case on its call, but desires to present it to the court by abstracts and briefs filed with the clerk, he must accompany the same with the costs of this court, unless a proper affidavit *in forma pauperis* appears in the record. Therefore where, on the call of a case, the attorney for the plaintiff was absent, having filed briefs with the clerk of the Supreme Court, but had not sent to the clerk the costs, and the only affidavit contained in the record was that the plaintiff was "unable from his poverty to pay the costs and give the security for the eventual condemnation money," instead of stating his inability disjunctively, as required by the statute, the case was dismissed. Code, §4280.

Writ of error dismissed.

September 24, 1884.

## THOMAS vs. REPPARD & WALTER; COHEN vs. THIGPEN.

Where an acknowledgment of service is made on a bill of exceptions after it has been filed in office, the writ of error will be dismissed, although the entry states that "due and legal service" is acknowledged.

Writ of error dismissed.