## McCAIN *v.* SUTLIVE *et al.*

When, for want of an essential party to the bill of exceptions, a writ of error is subject to dismissal but there is no motion to dismiss, this court, ex suo mero motu, will allow the plaintiff in error time and opportunity to make parties and obtain, if practicable, any waiver of service which may be necessary to a proper hearing of the case upon its merits. If, however, after such indulgence he is unable to obtain the requisite waiver, dismissal must follow.

Argued November 2, 1899. — Decided January 26, 1900.

Practice in the Supreme Court.

*H. C. McCutcheon* and *Grigsby E. Thomas Jr.*, for plaintiffs. *Foster & Butler*, *W. A. Scott*, and *J. D. Rambo*, for defendants.

LUMPKIN, P. J.    A petition was filed by John McCain and numerous others therein named, against Mrs. H. M. Sutlive, R. D. Williams, and many other natural persons, and also the Southern Building & Loan Association.    The plaintiffs alleged that they were tenants in common of described realty with all the defendants except the one last named, and that it was a creditor of R. D. Williams, holding a mortgage upon his individual interest in the realty in question.    The prayers were, (1) for the appointment of an auditor; (2) for an accounting as to rents and profits; (3) for a partition of the property by a sale and a division of its proceeds "between the parties according to their respective rights"; (4) for general relief; and (5) for process.    Upon separate demurrers filed by the Building & Loan Association and the other defendants, the petition was dismissed.    Thereupon a bill of exceptions alleging error in sustaining the demurrers was sued out.    It referred to the case as that of "John McCain et al. *v.* Mrs. H. M. Sutlive, R. D. Williams et al.," and did not otherwise name as a plaintiff in error any person except McCain, or as defendants in error any persons except Mrs. Sutlive, Williams, and the Building & Loan Association.    Service of the bill of exceptions was acknowledged by Messrs. Foster & Butler as attorneys for the corporation defendant in error, and by Messrs. W. A. Scott and J. D. Rambo as attorneys for the remaining defendants in error. There was no motion to dismiss the writ of error, and it was

not until after we had, while in consultation, begun to examine the record that we discovered the defectiveness of the bill of exceptions as to parties. It is now too well settled to admit of doubt that those only are parties to a bill of exceptions who are mentioned therein by their names as such, and that an acknowledgment of service for "defendants in error" relates to those only who are, at the time it is entered, actually such defendants. See *Allen* v. *Cravens*, 68 *Ga.* 554; *Cameron* v. *Sheppard*, 71 *Ga.* 781; *Anderson* v. *Faw*, 79 *Ga.* 558; *Inman* v. *Estes*, 104 *Ga.* 645; *Augusta Bank* v. *Merchants Bank*, Ibid. 857; *White* v. *Bleckley*, 105 *Ga.* 173; *Papworth* v. *Ryman*, 108 *Ga.* 780. This being so, and the present case being one in which it was essential to have before this court all the parties below, we could not properly, with the bill of exceptions in the condition above indicated, proceed further with a consideration of the case upon its merits. Not desiring to dispose of it by a judgment of dismissal without giving to counsel for the plaintiff in error an opportunity to cure, if they could, the defects in the bill of exceptions, we cited them to show cause why the writ of error should not be dismissed. The difficulties could have been remedied by making all the persons who were plaintiffs below plaintiffs in error and all the persons who were defendants below defendants in error, *and* by procuring from all of the latter who had not been served a waiver of service and an agreement that the case be heard upon its merits. As counsel for the plaintiff in error were unable, after being allowed ample time for this purpose, to obtain such a waiver and agreement, we must deal with the case as it now stands. It would, of course, have availed the plaintiff in error nothing to merely complete the bill of exceptions as to parties without also procuring the waiver, etc., from the newly made defendants in error. Accordingly, we have before us but one plaintiff in error and but three defendants in error, although, as has been seen, there were in the court below many other persons who were directly interested in sustaining its judgment and who consequently had an imperative right to be heard here. Under the cases cited above, a dismissal of the writ of error is the necessary and only result which can follow. Indeed, a judg-

ment of reversal, even if we should render it, would be of no
benefit to the plaintiff in error. It could in no event be oper-
ative except as to him and the three defendants in error, as the
judgment below would still bind all the other litigants. With
the final and conclusive adjudication embraced therein that
none of McCain's coplaintiffs are entitled to the relief sought
against any of the defendants, and that McCain could in no
event obtain from any of the defendants, except three, the re-
lief for which he prays, it is obvious that the petition, however
meritorious originally or however well supported by evidence,
can no longer have an effectual standing in court. How, un-
der such circumstances, could there be an equitable account-
ing, or how a sale of the land at which a purchaser could
obtain a good title?

If there is to be a judgment of affirmance, it is, of course,
immaterial to the plaintiff in error whether it is rendered upon
the merits or as the legal consequence of dismissing his writ of
error. There must be a dismissal when a judgment of reversal
would be incapable of practical enforcement and therefore use-
less. Nothing of consequence would be accomplished by cor-
recting errors when so doing would leave the party invoking
the exercise of our jurisdiction in no better position than he
was before. This court does not sit to render judgments which
can have no practical bearing upon litigation. The rule which
forbids its so doing finds a pointed application in the present
instance. What could the trial court properly do, were we to
reverse the judgment now under review and send the case
back for another hearing? With our judgment favorable to
one only of the numerous plaintiffs and adverse to three only
of the many defendants below, and its judgment, still of force,
adverse to all the remaining plaintiffs and favorable to all the
remaining defendants, no course would be left open except to
dismiss the case. An effort to try it on its merits would soon
show the utter impracticability of arriving at a judgment which
would be lawful and in all parts self-consistent. In this con-
nection, mere suggestion, without elaboration, is sufficient.
The truth is, the court below would be in no better condition
for dealing with the case than if, as in this court, there was

a lack of essential parties; for while it would actually have before it all the parties at interest, they would be so circumstanced that equity and justice could not possibly be meted out to all alike. It seems, therefore, that our disposition of the case at once brings about, in effect, the result which must, in any event, come to pass; and if so, neither delay nor circumlocution would be profitable to any one concerned.

*Writ of error dismissed. All the Justices concurring.*