## SOUTHERN HOME B. & L. ASSOCIATION *v.* PACE.

1. Every question involved in this case, as to the respective rights and obligations of a building and loan association and a member thereof who has received an advance upon his stock, has been settled by repeated adjudications of this court, and the law applicable to suits by such associations against defaulting members has been clearly laid down.
2. The instructions given by the court to the jury for arriving at the amount of the defendant's liability were out of harmony with the established rules for determining the same, and were therefore erroneous.

Argued March 15, — Decided April 11, 1900.

Complaint. Before Judge Fite. Dade superior court. March term, 1899.

Pace obtained from the building and loan association, on five shares of its instalment stock, a loan of $500, for which he executed a bond containing an agreement to "pay to said association, so long as it shall continue to exist, or as may be provided in its by-laws, rules and regulations, the sum of three dollars monthly, on the last Saturday of each month, being instalments due on five shares of stock held by [him] in said association, on

which said advancement was made or procured; and the further sum of five dollars monthly, on the last Saturday of each month, as interest and premiums on said advance." A like agreement was contained in a deed to realty, executed by him as security for the loan. The by-laws of the association required that subscribers to instalment stock should pay sixty cents monthly on each share until the stock should mature, that is, until it should reach its par value of $100. The payments required to be made as interest and premium on the loan consisted of interest at the rate of six per cent. per annum, and a premium of fifty cents on each share, and were to continue until the stock should mature and cancel the loan, or until the loan should be otherwise paid. Pace subscribed for the stock in March, 1890, the bond and deed were executed March 18, 1891, $250 of the loan was paid to him October 8, 1891, and the rest on February 2, 1892; and he made the required payments until April 1, 1896, after which he refused to pay anything further, and the association brought suit against him for a balance alleged to be due on the loan. At the trial the facts above stated appeared in evidence, and it also appeared that the stock had not matured. The defendant pleaded the general issue, and testified that the period for which the payments were to continue was to be six years, and at the end of that time the stock was to mature and be worth $500; and that when the stock was subscribed for, the plaintiff's agent stated, as an inducement, that it would mature in six years. A statement of the amount which the plaintiff claimed to be due by the defendant was as follows: "To loan, $500; 29 months' dues on 5 shares stock to September 19, 1898, $87; 29 months' interest and premiums to September 19, 1898, $145; 28 months' fines on 5 shares stock to September 19, 1898, $14; interest and premium from 1 to 19 September, 1898, $2.50; fire-insurance premium advanced, 1897, $6; total due association September 19, 1898, $754.50. Cr. by book value 5 shares stock paid to September. 19, 1898, $408.65. Balance due September 19, 1898, $345.85."

The court's instructions, referred to in the second headnote, were to "calculate interest on the amount of money borrowed, at 8 per cent. interest up to the last payment; then calculate in-

terest on the several payments, at 8 per cent. interest, up to the last payment; add the principal and interest thus found, on each amount, together, and then subtract the one from the other; then calculate the interest on the remainder to the present time, and let that be the verdict of the jury;" the court holding that the payments could not be first applied to the payment of instalments, fines and premiums, but should be treated as payments on the amount of borrowed money. A verdict for $94 principal, and $21.44 interest, and for costs, was accordingly rendered, March 20, 1899; and the plaintiff excepted.

*T. J. Lumpkin, W. A. Wimbish,* and *Ligon Johnson,* for plaintiff.

*Jacoway & Jacoway* and *R. J. & J. McCamy,* contra.

COBB, J. The present record discloses the usual controversy between a building and loan association and one of its borrowing members. All the questions involved in the present case have been settled by repeated adjudications of this court, and the law applicable in such cases has been clearly laid down. See *Reynolds* v. *Loan Association,* 102 *Ga.* 126; *Hollis* v. *Loan Association,* 104 *Ga.* 318; *Cook* v. *Loan Association,* 104 *Ga.* 814; *Kirklin* v. *Loan Association,* 107 *Ga.* 313; *Morgan* v. *Loan Association,* 108 *Ga.* 185; *Angier* v. *Loan Association,* 109 *Ga.* 625; *Smith* v. *Southern B. & L. Association,* 111 *Ga.* The instructions given by the court to the jury in reference to the manner in which they should arrive at the amount of the defendant's liability were not in harmony with the rules laid down in the cases cited, and for this reason the judgment must be reversed and a new trial had.

*Judgment reversed. All the Justices concurring.*