### 1762.   SWAFFORD v. SHIRLEY et al.

1. All persons who are parties in the court below, interested in sustaining the verdict, must be made parties in the writ of error brought to the Court of Appeals.
2. Where one who is an essential party to a bill of exceptions is not made a party thereto, and is not duly served, the writ of error will be dismissed.
3. Unlike service of the notice of the sanction of a certiorari (for the service of which upon non-residents the law has not provided), the service of the bill of exceptions upon a non-resident party thereto may be effected by mail. Civil Code, § 5548. If the post-office address of the non-resident defendant in error is unknown, service of the bill of exceptions may be perfected by publication. *McCowan* v. *Brooks*, 113 *Ga.* 391 (39 S. E. 112).

Motion to dismiss the writ of error.

Submitted May 5, 1909.—Decided February 10, 1910.

*W. S. Paris,* for plaintiff.

*McMillan & Erwin, H. H. Dean,* for defendants.

RUSSELL, J. At the November term, 1901, the plaintiff in error brought suit upon a promissory note in a justice's court of Rabun county against W. P. Rembert and the present defendants in error. Rembert did not appear then or file any defense, and has never attempted to do so since. The justice rendered judgment in favor of the plaintiff against all of the defendants; and Shirley appealed to a jury, which carried the case, with all the parties, to a jury for a de novo investigation. The jury found for the plaintiff the full amount sued for, as against Rembert as principal, and found Shirley and Dickson to be securities only, and to be discharged from liability. The case was then carried by certiorari to the superior court, and thence, by a writ of error, to the Supreme Court. *Shirley* v. *Swafford,* 119 *Ga.* 43 (45 S. E. 722). The Supreme Court having affirmed the judgment of the superior court sustaining the certiorari, the case was again tried before a jury in the justice's court, where a verdict was returned, releasing as sureties Shirley and Bleckley as administrator of Dickson. The plaintiff in error again carried the case, by certiorari, to the superior court, where the certiorari was dismissed upon the ground that the defendant Rembert had not been served with a notice of the sanction of the writ of certiorari, as provided by law; and the present writ of error, which excepts to the judgment dismissing the certiorari, is

now itself sought to be dismissed, upon the ground that Rembert has never been served with a copy of the bill of exceptions, or acknowledged or waived service.

It is clear that the writ of error must be dismissed upon the ground that Rembert has not been served, although it is not certain that the certiorari was properly dismissed upon the same ground. It is to be borne in mind that the provisions with reference to the service of the notice of sanction of a certiorari are not as ample as those with reference to the service of bills of exceptions upon non-residents. The law does not provide any designated means by which service of the notice of the sanction of the certiorari may be effected upon a non-resident. It is possible, however, that a non-resident defendant in certiorari might be notified of the sanction of the certiorari and of the time and place of hearing by telegram, as pointed out by Chief Justice Simmons in *Western Union Telegraph Co.* v. *Bailey,* 115 *Ga.* 727 (42 S. E. 89, 61 L. R. A. 933). In the same case it was held that if the written notice was sent by another it would be sufficient if it was shown that the writing was actually received by the defendant in certiorari. Whether service by mail is sufficient is doubtful, inasmuch as it has been held that the unsworn certificate that a notice has been served is insufficient to show service; and, of course, the most that could be shown by producing the registry receipt would be the fact that the letter had been received, and not also that the letter contained the notice; nor would the contents of the notice be proved thus.

The provision in regard to the service of the ten-days notice to the adverse party, embodied in §4644 of the Civil Code, is as follows: "The plaintiff in certiorari shall cause written notice to be given to the opposite party in interest, his agent or attorney, of the sanction of the writ of certiorari, and also the time and place of hearing, at least ten days before the sitting of the court to which the same shall be returnable, and in default of such notice (unless prevented by unavoidable cause) the certiorari shall be dismissed." It appears that in default of the required notice the judge of the superior court may determine whether the notice was prevented by unavoidable cause,—that it would be for him to determine whether the reason which prevented timely service was such unavoidable cause as that the certiorari should not be dismissed.

It is essential that every person who is a party in the court below, and interested in sustaining the verdict, should be made a party to the bill of exceptions. Rembert should have been made a party in the present case because he was a party in the justice's court and was interested in sustaining the verdict, at least to the extent that it was to his interest that a larger verdict than that rendered against him should not be returned against him,—as it is insisted by the plaintiff in error should have been done. He is interested at least to the extent of the difference by which the finding against him is less than the amount which the plaintiff says should have been rendered. It is insisted that Rembert is not a proper party to the bill of exceptions, because he was not a party to the certiorari. It is true that he is not eo nomine a party to the certiorari, but for the reasons stated above he is interested in sustaining the verdict; and, having been a party in the original action, and not having been stricken therefrom, it can not be stated that he was not a party in the court below. As one of the makers of the note in question, Rembert is a necessary party and interested in the result, and should have been served with a copy of the bill of exceptions; and inasmuch as he was not served, the writ of error should be dismissed. If a person who is an essential party to the bill of exceptions is not made a party thereto and duly served, the writ of error should be dismissed. *White* v. *Bleckley,* 105 *Ga.* 173 (31 S. E. 147); *U. S. Leather Co.* v. *First National Bank,* 107 *Ga.* 263 (33 S. E. 31), and citations. Section 5548 prescribes the method by which service of bill of exceptions upon a non-resident shall be effected, if the address of the non-resident is known. This section is as follows: "Whenever a bill of exceptions is sued out in the trial court, and is certified and filed in said court, and it appears that a defendant in error is a non-resident of this State, and is not represented by counsel so that he may be served with a copy of said bill of exceptions, the clerk, upon the request of the counsel suing out said bill of exceptions, shall give notice to the non-resident defendant, by mailing a letter addressed to him at his postoffice; the notice to contain a statement of the case, that he is a defendant in error therein, that the bill of exceptions has been filed, that it will be forwarded to the Supreme Court and will be heard in that court at the term thereof. This notice shall be sufficient to authorize the Supreme Court to hear and determine said case,

and the judgment made therein shall bind the defendant so far as his assets in this State are concerned." The act embodied in the foregoing section was passed in 1895 (Acts 1895, p. 44), no doubt for the very purpose of obviating the difficulty which had presented itself in cases such as *Traynham* v. *Brown*, 74 *Ga.* 410, in which it was held that the entry of non est inventus, as to one of the defendants in error, was not a sufficient substitute for service of the bill of exceptions. The only provision for service at the time of the *Traynham* case, supra, was decided, if the party himself was not served, was for service upon his attorney at law, and no provision was made for service upon non-residents. Even if it had been made to appear to the court that Rembert was a non-resident of the State of Georgia, it is not shown that his whereabouts was unknown; and he could have been served by the clerk mailing him a letter, as provided by §5548, supra.

*Writ of error dismissed.*