## 5526. QUITMAN OIL COMPANY *v.* PEACOCK.

1. Failure to make a person, who in the court below was a necessary party in the cause, a party to the bill of exceptions, and to serve him with it, will subject the writ of error to dismissal, if it is to his interest to sustain the judgment to which exception is taken.

(*a*) When a motion to dismiss a writ of error is made upon the ground

that parties interested in sustaining the judgment complained of have been omitted, their interest or lack of interest may be determined by an inspection of the record.

(b) When it is admitted in a traverse of the sheriff's entry of service that the person referred to in the entry was in fact served with the process. and the denial goes no further than to assert that the person served was not duly authorized or empowered to accept service in the capacity or relation attributed to him in the entry of service, the sheriff has no interest in sustaining the judgment of the lower court, and for that reason is not such a necessary party defendant in the bill of exceptions as that the writ of error must be dismissed because the plaintiff in error omitted to make the sheriff a party, or serve him with the bill of exceptions.

2. Unless the charter of a corporation provides that an office shall become vacant at the expiration of the term of office for which the officer was elected or appointed, the general rule is to allow him to hold over until his successor is duly and legally elected and qualified. The failure of a corporation to elect officers does not terminate the terms of existing officers or dissolve the corporation; and since a relation proved once to exist is presumed to continue, one shown to have been duly elected such an officer of a corporation as to be authorized to accept service in its behalf, and shown to have discharged the duties of the office, will, in the absence of proof of affirmative action terminating his previous relation, be presumed to be a proper agent of the corporation upon whom service may be perfected.

3. The conclusion of a witness for the defendant that his connection with the defendant corporation had ceased prior to the date of the sheriff's entry of service was not supported by the facts and circumstances related by him; and consequently the witness's conclusion of law was without any probative value; and as there was undisputed legal testimony sufficient to show that the witness's official connection with the defendant had not been terminated, it was not error for the court to direct a verdict finding against the traverse of the sheriff's entry of service.

DECIDED MAY 14, 1914.

Traverse of entry of service; from city court of Quitman—Judge Long. January 14, 1914.

*Bennet & Harrell,* for plaintiff in error.

*Branch & Snow,* contra.

RUSSELL, C. J. Peacock brought suit against the Quitman Oil Company, returnable to the November term of the city court of Quitman, and personal service of the petition and process was made upon O. K. Jelks as manager of the company. At the appearance term the defendant filed a traverse to the return of service, made by the deputy sheriff. In the traverse it was alleged, that O. K. Jelks was not manager of the Quitman Oil Company, and that he had no connection with that company, and had had no connection with it for twelve months prior to the date of the

service, and that the company had not had a place of business in Quitman for more than twelve months. The deputy sheriff and the sheriff of the city court had not originally been made parties to the traverse, but upon the hearing these officers were made parties without objection, and the traverse was amended by being verified by O. K. Jelks. After hearing the evidence upon the traverse, the court directed a verdict in favor of the plaintiff and against the traverse. Exception is taken to the judgment directing the verdict.

1. There was no formal motion to dismiss this writ of error, but counsel for the defendant in error, in their brief, insist that the bill of exceptions should be dismissed for want of proper parties; and since the question is of a jurisdictional nature, we must decide it before we can properly consider the questions raised by the bill of exceptions. If all parties whose interests may be affected by the judgment of the lower court are before us, the writ of error should not be dismissed; and on the other hand, if the plaintiff in error has failed to serve with the bill of exceptions any person who was a necessary party in the court below, and whose interest in sustaining the judgment excepted to might be affected by a ruling upon our part, without his having an opportunity to be heard, the writ of error should be dismissed, even without a motion to that effect. It may be stated, as a general rule, that failure to make a person interested in sustaining a judgment excepted to a party to the bill of exceptions, and to serve such person with a copy thereof, results in a dismissal of the writ of error (*United States Leather Co.* v. *First National Bank,* 107 *Ga.* 263, 33 S. E. 31); or, as stated by this court in *Swafford* v. *Shirley,* 7 *Ga. App.* 347 (66 S. E. 1022), "all persons who are parties in the court below, interested in sustaining the verdict, must be made parties in the writ of error brought to the Court of Appeals;" and "where one who is an essential party to a bill of exceptions is not made a party thereto, and is not duly served, the writ of error will be dismissed." The decision in the present case is, to our mind, somewhat affected by the fact that while the sheriff and the deputy sheriff were necessarily parties in the proceedings in the court below, it does not appear that they are essential parties here. The officer whose entry of service is traversed is a necessary party in the trial court, for several reasons. If the party filing the traverse asserts that he was never

served at all by any one, under any circumstances, it is readily to be seen that the opposite party would have no means of disproving the traverse, except by the officer who made the entry. Furthermore, if it develops that the officer made a false or fraudulent entry of service, he should be before the court as a party, so that the court may be prepared to deal with this situation in the judgment. Whatever may be the reason for the law, it is not to be questioned that the sheriff is a necessary party to a traverse of his entry of service—which is prima facie true, and is conclusive unless traversed in due time. *Lamb* v. *Dozier,* 55 *Ga.* 677; *Sindall* v. *Thacker,* 56 *Ga.* 52; *O'Bryan* v. *Calhoun,* 68 *Ga.* 217. In *Southern Railway Co.* v. *Cook,* 106 *Ga.* 452-3 (32 S. E. 585), it was held that failure to make the sheriff who made the entry of service a party to the traverse is sufficient reason for disallowing the traverse. This is necessarily true, since the sheriff's entry of service is conclusive until traversed and found to be untrue by a jury. *Read Phosphate Co.* v. *Weichselbaum Co.,* 1 *Ga. App.* 420 (58 S. E. 122), citing *Davant* v. *Carlton,* 57 *Ga.* 491. But does it follow that because the sheriff is a necessary party in the court which must primarily determine whether his entry as a sworn officer is true, he is also a necessary party in the court of review, when it is apparent that his interest can in no wise be affected by the further adjudication? Of course, aside from any pecuniary interest, a sworn officer, trusted by the people, might have a real and substantial interest if the propriety of his official conduct or the verity of his official entry were in question. In such a case we think it is undoubtedly true that the sheriff should be a party to the bill of exceptions complaining of the judgment upon the traverse, without regard to the nature of the complaint. But where the effect of the traverse is not to deny the truth of the entry of the sheriff as made, and it is merely an attempt to explain the meaning of the entry in such a way as to demonstrate that the attempted service was in fact illegal and ineffective, the sheriff has certainly no material or financial interest in the result of the litigation, and he may not even have a sentimental interest. In such a case we do not think it can be said that the sheriff (though a necessary party in the lower court in the first instance) is such a necessary party to a bill of exceptions, upon the ground that he has an interest in the judgment of the lower court of which complaint is made, that failure to make him a party

thereto, and to have him served therewith, will require that the bill of exceptions be dismissed. As pointed out in *Augusta National Bank* v. *Merchants & Miners Bank,* 104 *Ga.* 857 (31 S. E. 433), it is often necessary to inspect the bill of exceptions and the record so as to be able to decide what parties are necessary, and whether all persons who should have been made parties have been so made; and it seems to us that even upon a motion to dismiss the bill of exceptions, when it appears from an inspection of the record that the party on account of whose absence it is sought to dismiss the writ of error has really no substantial interest of any kind in the matter, the writ of error should not be dismissed for the omission of this merely nominal party, although he was originally a party in the cause.

The sheriff is essentially a necessary party in a rule brought against him, seeking a distribution of a fund in his hands; and yet it was properly held in *Craig* v. *Webb,* 70 *Ga.* 188, in accordance with the statute of 1880-1 (which dispensed with making the sheriff a party to a rule to distribute money, where he had no interest), that he need not be served. The rule that the bill of exceptions will be dismissed when any of the parties interested in sustaining the judgment of the court below have not been served with the writ of error (as laid down in *United States Leather Co.* v. *First National Bank,* supra, *DeVaughn* v. *Byrom,* 110 *Ga.* 906 (36 S. E. 267), *W. U. Tel Co.* v. *Griffith,* 111 *Ga.* 557 (36 S. E. 859), *Orr* v. *Webb,* 112 *Ga.* 808 (36 S. E. 98), *Chason* v. *Anderson,* 119 *Ga.* 496 (46 S. E. 629), and *Swafford* v. *Shirley,* supra) is qualified by the implication that where a party who is not served will in no wise be affected by the judgment rendered in the reviewing court, the writ of error will not be dismissed, as shown by the rulings in *Augusta National Bank* v. *Merchants & Miners Bank,* supra, *McCain* v. *Sutlive,* 109 *Ga.* 548 (34 S. E. 1013), and *Kahn* v. *Hollis,* 124 *Ga.* 539 (53 S. E. 95). So we conclude that the present writ of error should not be dismissed, although the sheriff and the deputy sheriff are not parties here, since they have no right which can be affected.

2. The only issue of fact involved in the trial upon the traverse of the sheriff's entry of service was whether O. K. Jelks was general manager of the Quitman Oil Company on October 18, 1913. It was not disputed that the sheriff served Jelks on the date stated.

It was not disputed that Jelks had been for a number of years secretary and treasurer of the Quitman Oil Company, in active charge of its business operations; and no point is made that he was not "manager," although technically his official title was "secretary and treasurer." Jelks testified that he was no longer secretary and treasurer, or manager, and that he was not secretary and treasurer or manager on October 18, 1913, when he was served. The contention of counsel for plaintiff in error is that since Jelks so testified, there was necessarily an issue of fact, even though many circumstances in evidence might tend to show that he still acted as manager, and that for this reason such an issue of fact was presented that it was error for the judge to direct a verdict. From its earliest history this court has without exception held it to be error for a verdict to be directed, where any inference could reasonably be supported by the evidence which would sustain a finding of the jury in behalf of one of the parties or the other. We deem the prerogative of the jury to pass upon disputed issues of fact to be so exclusive as to preclude any judicial interference. But the rule that it is error to direct a verdict where an inference from the proved facts will support a contrary finding has no reference to testimony which is plainly nothing more than a conclusion of law upon the part of the witness, and especially where it appears that this conclusion of law was erroneous, in view of statements of fact thereafter made by the witness. The witness Jelks testified, as an opinion, that he was no longer connected with the Quitman Oil Company, and that the Quitman Oil Company had no place of business in Brooks county. If the facts are as stated by him, the Quitman Oil Company has never been dissolved as a corporation, and he is still the secretary and treasurer of the corporation.

Under the well-settled rule that the entry of the sheriff is conclusive as to the facts therein stated until it is rebutted, the burden devolved upon the Quitman Oil Company, after it appeared that Jelks had been its secretary and treasurer and manager, of showing how and when his relation to the company was terminated, and that his discharge had been accomplished by the proper authority. Of course if any evidence had been introduced tending to show that Jelks had been discharged, or had asked to be discharged, or that he had mutually agreed with the properly authorized officers of the Quitman Oil Company to sever his relations with them, this would

have presented an issue which the judge should properly have submitted to the jury. But there was no such evidence. Against the statement of the witness that he had not been secretary and treasurer of the company since November, 1912 (which had no probative value, for the reason, already stated, that it was merely the conclusion of the witness), Jelks himself swore that no action had been taken at the last meeting of the stockholders to elect a secretary and treasurer in his place, nor, indeed, to elect any officers. And there is no testimony showing that any officers were elected, or any attempt made to substitute any one in his place. In addition to this he testified that as manager of the defendant company he had within a few weeks previously sworn to two pleas in two other cases, and had had charge of the matter of obtaining a dissolution of the corporation, though it appeared that the petition for this purpose had been withdrawn. Without recapitulating the various circumstances in the record, it is perfectly plain to us that the utterance of the witness was merely an erroneous conclusion of law, and the evidence would not have been properly susceptible of any other construction by the jury, or have authorized any other finding than that directed by the court.

Unless the charter of a corporation provides that an office shall become vacant at the expiration of the term of office for which the officer was elected or appointed, the general rule is to allow the officer to hold over until his successor is duly and legally elected and qualified. Mere failure of a corporation to elect officers does not terminate the terms of existing officers, nor dissolve the corporation. 2 Thompson on Corporations (2d ed.), § 1402; 10 Cyc. 740. And since a relation proved once to exist is presumed to continue, one shown to have been duly elected an officer of a corporation, authorized to accept service in its behalf, and to have discharged the duties of the office, in the absence of proof of affirmative action terminating his previous relation, will be presumed to be a proper agent of the corporation upon whom service may be perfected. *Herald of Liberty* v. *Bowen*, 8 *Ga. App.* 325 (68 S. E. 1008).

3. The conclusion of the witness for the defendant corporation that his connection with it had ceased prior to the date of the sheriff's entry of service was not supported by the facts and circumstances related by him; consequently the witness's conclusion of law was without any probative value, and the legal testimony which

was sufficient to show that the witness's official connection with the defendant had not been terminated was undisputed, and it was not error for the court to direct a verdict finding against the traverse of the sheriff's entry of service.       *Judgment affirmed.*