7009. MOORE & SON *v.* NESMITH LUMBER COMPANY.

The writ of error must be dismissed because of the failure to name or serve as parties defendant thereto two of the defendants in favor of whom the verdict and judgment complained of were rendered.

DECIDED JUNE 1, 1916.

Complaint; from city court of Nashville—Judge Christian. October 25, 1915.

*William Story,* for plaintiffs.

*Hendricks, Mills & Hendricks,* for defendant.

BROYLES, J. The parties defendant in the case below were the Nesmith Lumber Company, J. L. Nesmith, and W. D. Nesmith. The jury returned a verdict for the defendants, and the plaintiffs excepted. The pleadings clearly show that both J. L. Nesmith and W. D. Nesmith were necessary parties in the lower court, and they are interested in sustaining the verdict in their favor and the judgment based thereon. In the bill of exceptions neither J. L. Nesmith nor W. D. Nesmith is made a party defendant,—the only such party made therein being the Nesmith Lumber Company. J. L. Nesmith and W. D. Nesmith were not served with the bill of exceptions, nor did they acknowledge service, either personally or otherwise, nor did they consent for the bill of exceptions to be amended under the provisions of the Civil Code, § 6160. Under these circumstances the writ of error must be dismissed. *Greene v. Barron,* 119 *Ga.* 901 (47 S. E. 188) ; *Western Union Tel. Co. v. Griffith,* 111 *Ga.* 551 (36 S. E. 859) ; *Orr v. Webb,* 112 *Ga.* 806 (4),

15

808 (38 S. E. 98); *Coleman* v. *Board of Education of Emanuel County,* 136 *Ga.* 844 (72 S. E. 159); *Davis* v. *Walters,* 140 *Ga.* 229, 231 (78 S. E. 838).          *Writ of error dismissed.*