12809.   EVANS *et al. v.* WILLIAMS *et al.*

STEPHENS, J.   1.   Where in a suit against alleged joint obligors a verdict is found against one and a nonsuit granted as to the others, a bill of exceptions by the plaintiff complaining of the granting of the nonsuit, which makes only the defendants in whose favor the nonsuit was granted parties defendant to the bill of exceptions, will not be dismissed upon the ground that, in its failure to include as a party defendant to the bill of exceptions the defendant against whom the verdict was rendered, it fails to make all necessary parties.   Whether or not the plaintiff could on another trial proceed to judgment against the defendants in whose favor the nonsuit was granted, without having had the verdict and judgment rendered against the other defendant set aside, is not a matter for consideration on the motion to dismiss the bill of exceptions, but is a matter for defense in the trial court.   See, in this connection, *Almand* v. *Hathcock,* 140 *Ga.* 26 (78 S. E. 345).   The ruling here made, however, is not to be construed as passing upon the merits of such defense.   The motion to dismiss the bill of exceptions is therefore overruled.

2. This being a suit against several defendants to recover the purchase price of certain materials alleged to have been sold and delivered to the defendants upon an alleged joint contract in writing, to which pleas of non est factum and the general issue were filed by all the defendants save one, and there being opinion evidence based upon a comparison of handwritings to the effect that the signatures to the alleged contract were the signatures of the defendants, and there also being evidence that the plaintiff had delivered to the defendants the materials in accordance with the terms of the contract, and that the defendants had not paid the plaintiff the purchase price, a nonsuit was improperly granted.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1922.

Complaint; from city court of Waycross — Judge Crawley. June 22, 1921.

Application for certiorari was denied by the Supreme Court.

*C. L. Shepard, Wilson & Bennett,* for plaintiffs.

*Parker & Parker, Parks, Reed & Garrett,* for defendant.