15718.   AUGUSTA MOTOR SALES CO. *v.* KING.

STEPHENS, J.  1. The principal on a promissory note, against whom a judgment has been rendered in behalf of the payee in an action by the payee against both the principal and a surety, is not interested in sustaining a judgment therein rendered in behalf of the surety, and is therefore not a necessary party to a bill of exceptions brought by the

28

payee, complaining of the judgment rendered in behalf of the surety. The bill of exceptions therefore will not be dismissed upon the ground that in omitting to make the principal a party it fails to make necessary parties. Civil Code (1910), § 6176; *Pharr* v. *Eve*, 17 *Ga. App.* 686 (87 S. E. 1098); *Evans* v. *Williams*, 29 *Ga. App.* 126 (113 S. E. 703).

2. The evidence of the defendant, to the effect that he was indorser for his son, who was the maker of the notes sued on, that at the time he indorsed them he knew that his son was indebted to the plaintiff company in a certain amount as a balance due on the purchase price of an automobile, and that, as "the owner" of the plaintiff company was related to him, he felt that it was his duty to assist his son in paying the amount due, and, at the request of the company's attorney, indorsed the notes, was insufficient to support a plea that the defendant's indorsement was obtained by fraud and duress, although it may appear also from his own testimony that when he indorsed the notes the company's attorney informed him that the maker had given a mortgage to the company upon property which the maker did not have (evidently referring to certain personal property which, it appears elsewhere from the evidence, the maker had mortgaged to the plaintiff as security for the purchase-money of the automobile bought), and that the maker would be liable to prosecution for having done so, which representation was not true, and that because of said representation the defendant, not wishing his son to be prosecuted, indorsed the notes, but not of his own free will.

3. It not appearing from the evidence that at the time of the execution of the note sued on the defendant's son, the maker of the notes, was in imminent or immediate danger of prosecution, or that he would in fact be prosecuted if the defendant failed to indorse the notes, but only that the maker "would be liable to prosecution," the suggestion of the prosecution of the maker, made by counsel for the plaintiff, did not amount to a threat, and could not, under the circumstances, tend to coerce or restrain the will of the defendant, and consequently it could not be inferred that in indorsing the notes he was not acting of his own free will. Civil Code (1910), §§ 4116, 4255; *Williams* v. *Stewart*, 115 *Ga.* 864 (113 S. E. 703); *Russell* v. *McCarty*, 45 *Ga.* 197.

4. A verdict having been rendered for the defendant, and it being conceded by counsel for the defendant that the defense other than that of fraud and duress in the procurement of the defendant's indorsement to the notes is unsupported by the evidence, and it appearing, under the above rulings, that such defense of fraud and duress is without evidence to support it, the verdict found for the defendant was not legally authorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 11, 1925.

Complaint; from Columbia superior court—Judge A. L. Franklin. May 27, 1924.

*Callaway & Howard, John J. Jones,* for plaintiff.
*Wilmer D. Lanier,* for defendant.