24340. DANIEL *et al.* v. VIRGINIA-CAROLINA CHEMICAL CORPORATION.

SUTTON, J. 1. Failure to make one a party to the bill of exceptions, who is interested in sustaining the judgment excepted to, and to serve such person with a copy thereof, will result in a dismissal of the writ of error. *U. S. Leather Co.* v. *First National Bank,* 107 *Ga.* 263 (33 S. E. 31); *Inman* v. *Estes,* 104 *Ga.* 645 (30 S. E. 800), and cit.; *Moore* v. *NeSmith Lumber Co.,* 18 *Ga. App.* 225 (89 S. E. 169); *Swafford* v. *Shirley,* 7 *Ga. App.* 347 (66 S. E. 1022); *Davis* v. *Walters,* 140 *Ga.* 229, 231 (78 S. E. 838).

2. All parties interested in sustaining or reversing the judgment of the court below are indispensable parties in the Court of Appeals; and

they must be made parties to the bill of exceptions. *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190); *Bond* v. *Stephens*, 164 *Ga.* 30; *Emanuel Farm Co.* v. *Batts*, 176 *Ga.* 552 (168 S. E. 316). So where, upon the call of this case for argument in this court, motion is made by the defendant in error and by J. Saxton Daniel to dismiss the bill of exceptions upon the ground that J. Saxton Daniel, a party to the case in the trial court, who is directly interested in sustaining the judgment rendered therein, is not named as a party defendant in error in the bill of exceptions and has not been served with a copy of the same and has not acknowledged or waived service thereof in any manner, and an inspection of the record in this court shows these facts, this court is without jurisdiction of the case, and the motion to dismiss must be sustained. *Teasley* v. *Cordell*, 153 *Ga.* 397 (112 S. E. 287); *Greeson* v. *Taylor*, 160 *Ga.* 392 (128 S. E. 177). See also *Malsby* v. *Shipp*, 177 *Ga.* 54 (169 S. E. 308); *Poston* v. *Durham*, 177 *Ga.* 870 (171 S. E. 765). The bill of exceptions in this case does not expressly designate the parties plaintiff in error and the parties defendant in error. *Toccoa Electric Power Co.* v. *Panter*, 178 *Ga.* 258 (173 S. E. 131).

3. J. Saxton Daniel was one of the signers of the note on which this suit was based. He was sued as a guarantor, but filed a plea setting up that he was a surety only. The plaintiff amended its petition to conform to this plea. The court overruled a demurrer by the other defendants to this plea. The trial of the case resulted in a verdict and judgment in the plaintiff's favor against all the defendants, but against J. Saxton Daniel only as a surety. A motion for a new trial was filed by two of the defendants, but J. Saxton Daniel was not made a party to this motion, and was not served with a copy thereof, nor did he acknowledge service or waive service. This defendant in his plea admitted liabilty as a surety and was satisfied with the verdict and judgment against him in that capacity, and was therefore interested in sustaining the judgment of the trial court, his interest in the litigation being antagonistic to that of the other defendants. The motion for a new trial was overruled, and movants assigned error thereon in the bill of exceptions in this case. J. Saxton Daniel was not made a party to the bill of exceptions; nor was he served with a copy thereof, nor did he acknowledge service, either personally or otherwise. Civil Code (1910), § 6176. He was a necessary party, and it follows that the motion to dismiss the bill of exceptions was well taken and must be sustained.

4. The principle that "Where, in a suit against two or more codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion and bring the case to the Supreme Court without making any of the other defendants parties to the bill of exceptions; and failure to do so will not work a dismissal of the writ of error," is not applicable in this case. *Durrence* v. *Cowart*, 160 *Ga.* 671 (129 S. E. 26); *Butler* v. *Kendrick*, 172 *Ga.* 324 (158 S. E. 13); *Ruffin* v. *Paris*, 75 *Ga.* 653; *Jordan* v. *Gaulden*, 73 *Ga.* 191; *Jones* v. *Hurst*, 91 *Ga.* 338 (17 S. E. 635). Nor is the principle laid down in *Huey* v. *National Bank*, 177 *Ga.* 64 (169 S. E. 491), applicable.

(*a*) The cases of *Pharr* v. *Eve*, 17 *Ga. App.* 686 (87 S. E. 1098), *Evans* v.

*Williams,* 29 *Ga. App.* 126 (113 S. E. 703), *Augusta Motor Sales Co.* v. *King,* 33 *Ga. App.* 433 (126 S. E. 866), and cases of similar import, are clearly distinguishable from this case. In this case J. Saxton Daniel is vitally concerned in having the judgment rendered against him as a surety only remain undisturbed by this court.

(b) The case sub judice is also distinguishable from *Lawrence* v. *Lee's Department Store,* 48 *Ga. App.* 271 (172 S. E. 471). Had the verdict and judgment in this case been adverse to the plaintiff and the writ of error been sued out by it to review the judgment, then J. Saxton Daniel, not having resisted the plaintiff's efforts to obtain a judgment against him as a surety only, would not have been a necessary party to the writ of error.

5. The motion of the plaintiff in error to allow J. Saxton Daniel now to be made a party to the bill of exceptions, by amendment, must be denied, for the reason that no service of the bill of exceptions was effected upon him, and it does not appear from the record that he is bound by any acknowledgment or waiver of service or has agreed that the case may be heard on its merits. On the contrary, J. Saxton Daniel has filed a motion in this court setting up the fact that he is interested in sustaining the judgment in this case, that he is not made a party defendant in error and has not been served, etc., and asking that the bill of exceptions be dismissed. Civil Code (1910), §§ 6160, 6184, 6188; Park's Code (1914), §§ 6164(a), 6164(b); *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859); *Bullard* v. *Wynn,* 134 *Ga.* 636 (68 S. E. 439); *Anderson* v. *Haas,* 160 *Ga.* 420 (128 S. E. 178); *Emanuel Farm Co.* v. *Batts,* supra.

6. It is no sufficient legal excuse for failure to serve the bill of exceptions upon a party in the lower court, who is interested in sustaining the judgment excepted to, that counsel for such party refused to acknowledge service of the motion for a new trial and of the bill of exceptions because he had not determined just where his client stood in the litigation.

*Writ of error dismissed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 17, 1934.

*C. L. Cowart, Kirkland & Kirkland,* for plaintiffs in error.
*Henry H. Durrence, Heard W. Dent, R. M. Girardeau,* contra.