24660. EARLE *v.* KENNEMER *et al.*

STEPHENS, J. 1. Where a judgment is obtained against a husband and against the executrix of the will of his wife, in a suit against both defendants jointly, to recover for the funeral expenses of the wife, and the right to recover against the executrix is predicated upon a provision of the wife's will that the funeral expenses shall be paid out of her estate, and it is provided in the verdict that the "estate is to be liable only in a secondary capacity," and in the judgment that the

766

executrix is to be liable "only in a secondary capacity after all reasonable efforts to collect from" the other defendant "have been exhausted so far as any property is to be found in his possession within the jurisdiction of this court," the defendant executrix has an interest in sustaining the judgment against the husband who is the other defendant. Where only the defendant husband makes a motion for a new trial, and after this motion has been overruled he only brings the case to the Court of Appeals by bill of exceptions to the judgment overruling the motion, the defendant executrix, having an interest in sustaining the judgment against the other defendant, is a necessary party to the bill of exceptions; and where she is not made a party to the bill of exceptions, the writ of error is subject to dismissal on this ground. *Daniel* v. *Virginia-Carolina Chemical Corp.*, 50 Ga. App. 275 (177 S. E. 925); Code of 1933, § 6-1202 (Code of 1910, § 6176).

2. The motion of the defendant in error to dismiss the writ of error for want of a necessary party is sustained.

*Writ of error dismissed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 29, 1936.

*M. B. Eubanks, Henry Barnell,* for plaintiffs in error.
*Joseph M. Lang, Y. A. Henderson,* contra.

