29304.   FURLOW, administrator, *v.* SANDERS, executor, *et al.*

DECIDED MARCH 19, 1942.

*Sydney .H. Baynes, A. F. Jenkins, Courtney Lathem,* for plaintiffs in error. *Miles W. Lewis,* contra.

FELTON, J. (After stating the foregoing facts.) The motion by C. A. Sanders, as executor of the will of Mrs. C. B. Speer, to dismiss the writ of error must be sustained. Assuming for the sake of argument without deciding that Mrs. Celeste Furlow Johnson

and H. H. Furlow, as administrator of the estate of Mrs. E. C. Furlow, are proper parties plaintiff in error, or could be made so by amendment under this record, Mrs. Evelyn S. Brightwell could not be added as such party by amendment because she was not a party movant to the motion for new trial in the lower court. Not having been a party to the motion she could not except to the order overruling it. This is not a case where a party or a co-party has a right to use her name without her participation and consent. Mrs. Brightwell was a proper party defendant in error. The verdict and judgment rendered in the case were partly in her favor and partly against her. It was more favorable than unfavorable. It was against her in that the estate, in the final assets of which she was to share to the extent of a one-third interest, was found liable for $650 fees and expenses. It was favorable in that $2543 and odd cents worth of personal property was found to be the property of the estate of Mrs. Speer and which was claimed in this case to be the property of the estate of Mrs. E. C. Furlow, of which Mrs. Celeste Furlow Johnson was sole beneficiary. This case does not fall within the class of cases which hold that "Where, in a suit against two or more codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion and bring the case to the Supreme Court without making any of the other defendants parties to the bill of exceptions; and a failure to do so will not work a dismissal of the writ of error." See *Daniel* v. *Virginia-Carolina Chemical Cor.*, 50 *Ga. App.* 275 (4) (177 S. E. 925), and cit. Those cases are predicated on the proposition that the findings are unqualifiedly against all the defendants and that there could be no interest of any in having an adverse judgment affirmed. The instant case is not such a case. It follows that Mrs. Brightwell was a proper party defendant in error, and must have been served with a copy of the bill of exceptions as required by law or she must have acknowledged service or waived it. She did not acknowledge service or waive it. She was not personally served until twelve days after the certification of the bill of exceptions, which was two days beyond the ten days provided by law. The same defect appears in the purported service by mail on her alleged attorney. There being no legal serv-

38

ice of the bill of exceptions on Mrs. Brightwell, a necessary party defendant in error, the writ of error must be

Dismissed. *Stephens, P. J., and Sutton, J., concur.*